## John D. Goddard *versus* Asahel Johnson, Executor of William Johnson.

A bequest of a sum of money to be paid in three years from and after the testator's decease, is a vested legacy.

A husband may sue in his own right, after the death of his wife, for a legacy accruing to the wife during the coverture.

THIS action was submitted to the decision of the Court upon a statement of facts.

William Johnson, on May 6, 1816, made his last will, containing this clause : — " To my granddaughters Zeriah Johnson and Sally Johnson, twin daughters of my son Samuel Johnson deceased, I give 600 dollars, to be equally divided between them, and to be paid in three years from and after my decease." The testator died on June 14, 1830. His will was proved and allowed on July 6, 1830, and on the same day the defendant, as executor, gave bond to the judge of probate for the payment of the debts of the deceased and of the legacies given by the will. Sally married the plaintiff before the death of the testator. On March 14, 1833, she died, leaving one child. No administrator was appointed on her estate, nor had a guardian been appointed to the child. The plaintiff, after the expiration of three years from the death of the testator, and before the commencement of this suit, demanded of the defendant the legacy bequeathed to Sally, and this suit was brought to recover it.

*Oct. 5th.*    *J. Davis* and *Washburn* argued, that the legacy was a chose in action which accrued during the coverture, and so vested in the husband, and therefore the action was properly brought by him in his own right. *St.* 1805, *c.* 90, § 2 ; Toller, (4th edit.) 220, 225 ; Com. Dig. *Baron and Feme, E,* 3 ; *Shuttlesworth* v. *Noyes,* 8 Mass. R. 229 ; *Clapp* v. *Stoughton,* 10 Pick. 469 ; *Fitch* v. *Ayer,* 2 Connect. R. 143.

*Peters,* for the defendant, contended that the legacy lapsed by the death of the wife before it became payable ; 2 Dane's Abr. 243, 244 ; *Prowse* v. *Abingdon,* 1 Atk. 486 ; *Chandos* v. *Talbot,* 2 P. Wms. (5th edit.) 611, 612, 613, and note ; *Pearce* v. *Loman,* 3 Ves. jun. 138 ; *Harrison* v. *Naylor,* 3 Bro. C. C. 108.

Admitting that it did not lapse, the wife, had she been living, must have been joined in the action, and being deceased, it should have been brought by an administrator on her estate.' *Pattee* v. *Harrington*, 11 Pick. 221 ; *Whitaker* v. *Whitaker*, 6 Johns. R. 112.

*Per Curiam.* It is exceedingly clear, that this was a vested legacy.

We think the husband might have sued alone, had the wife been still living, and consequently that this action may be sustained. It is a well settled principle, that a chose in action accruing to husband and wife during the coverture, vests absolutely in the husband.

*Defendant defaulted.*