MARTHA J. RUFFIN, Admx. etc.

*v.*

WILLIAM R. FARMER, Admr. etc.

1. WILLS. The construction of a will is a matter for the court, and should not be left to the jury.

2. SAME—*legacy payable to one at the age of twenty-one years, goes to his administrator if he dies before he attains that age.* Where a legacy of a certain sum of money is, by will, given to a boy, to be paid to him at the age of twenty-one years, and he dies before attaining that age, his administrator is entitled to recover the same when the time at which he would have attained that age, if living, arrives.

APPEAL from the Circuit Court of Jackson county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Mr. D. H. BRUSH, for the appellant.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

Appellee, as administrator of John F. Plasters, deceased, commenced these proceedings by petition in the county court of Jackson county, against the estate of Jane Richarts, deceased, to recover the amount of a legacy of $200 bequeathed to Plasters by the last will and testament of Jane Richarts. The claim was allowed, and the cause appealed to the circuit court of that county, where it was tried before the court and a jury, with the same result. Respondent appealed to this court.

It appears that Jane Richarts died testate in September, 1860, and, at the following December term of the county court, her will was admitted to probate. It contained this provision: "I give, devise and bequeath to John F. Plasters, son of Nancy Forbes, the sum of two hundred dollars, to be paid to him at the age of twenty-one years."

It is in evidence that Plasters was born in 1846, and died intestate March 24, 1863, and, December 16, 1870, appellee, being a half-brother, was appointed administrator of his estate.

The bequest is made in terms entirely free from ambiguity. The regularity of appellee's appointment as administrator could not be questioned collaterally. *Duffin et al.* v. *Abbott et al.* 48 Ill. 17.

To the admission of evidence alleged to have been incompetent, no exception was taken.

The instructions asked on behalf of appellant, and refused by the court, were none of them proper. They respectively sought to have the jury construe the will, which was a matter for the court.

Finding no error in the record, the judgment of the court below will be affirmed.

*Judgment affirmed.*