## Kelly et al. v. Gonce et al.

1. *Wills—Construction, etc.—Intention of the Testator.*—The intention of the testator must prevail and govern, and all mere rules of construction must give way to such intention, unless it is absolutely inconsistent with some settled rule of law.

2. *Wills—Intention of the Testator—Estates.*—The intention of the testator is to be gathered from the language of the will, which is to be read in the light of the well and long-established rule that in the absence of a clear manifestation of the intention to the contrary, estates shall be held to vest at the earliest period.

3. *Estates—Postponement of the Vesting.*—It is familiar law that an intent to postpone the vesting of an estate must be clear and manifest, and must not arise by mere inference of construction.

4. *Wills—Evident Intention Must Prevail—Omissions, etc.*—If a testator overlooks an event which he would have probably provided against, had it occurred to him, it is not the province of the court to supply the omission by implying or inserting a clause disposing of his property, according to some supposed or probable intention of the testator.

5. *Legatees—Gifts to Children.*—The law draws a distinction between a gift to such children as shall arrive at legal age and a gift to children to be paid when they arrive at legal age. In the first instance the gift is contingent because it can not be known at the death of the testator, whether a donee will be found at the proper period of time to take, while in the latter instance the donee is known at the time of the testa-

Kelly v. Gonce.

tor's death, the gift settled upon him and its payment only deferred. When the donee is known, the gift is said to vest an interest at once, and though such donee does not survive to take possession, his interests and right of possession passes upon his death to his legal representatives. When no gift is to be found beyond a mere direction to distribute or divide at a certain stated period or upon the happening of some event, the rule is different.

Memorandum.—Construction of will. Appeal from a decree rendered by the Circuit Court of Sangamon County; the Hon. James A. Creighton, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892, and affirmed. Opinion filed March 6, 1893.

Appellants' Brief, Conkling & Grout, Attorneys.

The term "said children," in said will, refers to her children by him, who arrive at majority, and the court will observe that no gift is made to "said children" until their arrival at majority is specified, except that a gift is made her for family support.

In People v. Jennings, 44 Ill. 488, where the will provided for distribution of proceeds of sale of real estate among certain children, and in case of their death, to their children, the court held that nothing vested until the time of distribution, and the grandchildren took the proceeds instead of the personal representative of the son.

In Ridgeway v. Underwood, 67 Ill. 419, where the bequest was to survivors of a class, the court held it meant those who survived from the period of distribution, and did not speak from testator's death, and that children dying after testator, and before distribution, took nothing. See also Scofield v. Olcott et al., 120 Ill. 373.

They were to receive nothing until they "ceased to be minors," either by "advancement" or "sale," and nothing is bequeathed to their heirs in case of their death before period of distribution.

Appellees' Brief, McGuire & Salzenstein, Attorneys.

The governing principle in the construction of wills is, that the intent of the testator, where it can be ascertained from the will, controls. The doctrine is equally well estab-

lished that "the law favors the vesting of estates, and
courts will always give such a construction to a will as will
tend best to provide for descendants and posterity, and will
prevent the disinheritance of remainderman, who may hap-
pen to die before the termination of the precedent estate."
Byrnes v. Stillwell, 103 N. Y. 353, 57 Am. Repts. 706,
and cases there cited. Or as announced by the Supreme
Court of the United States: "For many reasons, not the
least of which are, that testators usually have in mind the
actual enjoyment, rather than the technical ownership of
the property, and that sound policy, as well as practical
convenience, requires that titles should be vested at the
earliest period, it has long been a settled rule of construc-
tion in the courts of England and America, that estates,
legal or equitable, given by will, should always be regarded
as vesting immediately, unless the testator has by very clear
words manifested an intention that they should be contin-
gent upon a future event." McArthur v. Scott, 113 U. S.
340 ; see also Scofield v. Olcott, 120 Ill. 362 ; Nicoll v. Scott,
99 Ill. 529 ; Scofield v. Olcott, 120 Ill. 362, at pp. 370 and 371;
Bowling v. Dobyn, 5 Dana (Ky.), 441.

Every remainderman may die without issue, before the
death of the tenant for life. It is the present capacity
taking effect in possession, if the possession were to become
vacant, and not the certainty that the possession will become
vacant before the estate limited in remainder determines,
that distinguishes a vested from a contingent remainder.
When the event on which the preceding estate is limited
must happen, and when it also may happen before the ex-
piration of the estate limited in remainder, the remainder is
vested. (4 Kent, 203.) It is also vested when it is limited
to a person *in esse* and ascertained, to take effect by words
of express limitation on the determination of the preceding
particular estate. Preston on Estates, 70; see also, Doe v.
Considine, 6 Wall. 474; Ruffin v. Farmer, 72 Ill. 615; Illi-
nois Land and Loan Co. v. Bonner, 75 Ill. 315–325 ; Scofield
v. Olcott, 120 Ill. 372 ; Jarman on Wills, (Bigelow's Ed.) p.
833, 836; Brown v. Lawrence, 3 Cush. 397; Cropley v.

Cooper et al., 19 Wall. 167; Goebel v. Wolf, 10 Am. St. Rept. 470 to 477; Carver v. Jackson, 4 Pet. 1.

But if this were held not to vest until the death of the parents, this inconvenience would follow: that it would not go to the grandchildren, for if a child were born, who died in the lifetime of his parents leaving issue, such grandchild could not take, which could not be supposed to be the intention of the testator. Doe v. Perryn, 3 T. R. 495.

Opinion of the Court, Boggs, J.

Henry T. Kelly died in Sangamon County in May, 1886, seized of 140 acres of land. He left surviving him his second wife, Margaret, and five children born of her, to wit: Walter F., Ida F., Mary L., Henry Lewis, and Gertie. He also left surviving him Martha Gonce and Rachael Bancom, daughters by a deceased wife.

Henry Lewis Kelly died in November, 1886, unmarried, intestate, and without issue, when about twenty-three years of age; Gertie died in August, 1890, unmarried, intestate, and without issue, before arriving at the age of eighteen years.

The widow, Margaret, married one Vaughn, who died before her, and to them was born one child, Samuel C. Vaughn; Margaret died June 20, 1891.

The will of Henry T. Kelly, after bequests to Martha Gonce and Rachel Bancom (daughters of his first wife) " each the sum of two dollars out of my personal estate in addition to amounts previously given them," is as follows :

" I give and bequeath to my wife, Margaret, the use of all my real estate and personal estate that may remain after the above bequests, during her natural life, to support herself and her children born of her by me, and the education of said children, authorizing my said wife to advance each of her said children on their arrival at majority such amount as she may deem compatible with her comfort and the rights of her other children, taking the receipt of each for amount advanced. I give and bequeath to each of the said children of my wife, Margaret, an equal share of all the net proceeds

of my real estate that may remain after paying the debts and funeral expenses of my said wife, Margaret, provided that the real estate, shall not be chargeable with any such debts; provided, also, that the amounts advanced to said children shall be counted as a part of said remainder and shall be charged to the recipient thereof in the final distribution. I direct after the death of my said wife, my real estate to be sold and distribution made among her said children as they cease to be minors, according to the foregoing provisions. I desire my wife, Margaret, to have possession and control as above without bonds or letters of administration."

After the death of Margaret this, a bill in chancery, was filed to obtain sale of the lands mentioned in the will, and distribution of the proceeds of such sale to the parties entitled thereto. A decree was rendered ordering sale to be made and the proceeds distributed, upon the theory that the interests of Henry Lewis and Gertie, both deceased, became vested at the death of the father and descended to their legal representatives under our statute of descent.

Walter F., Ida F. and Mary L., the only children of the testator and Margaret who survived the mother, insist the bequest of the proceeds of land is to the children of the testator and Margaret as a class; that the right of each of said children to take, was contingent upon the death of the mother, and upon the coming of age of the legatee; and that upon the death of the mother the entire bequest inured to them as survivors of the class. For this reason they prosecute this appeal from the decree of distribution.

In support of this view, counsel for appellants insist that it is clear that the testator did not intend that his children by a former wife should have anything beyond the bequest of two dollars each, and equally clear that he intended that the proceeds of the land should go to such of his children born of Margaret, as should survive her and live to reach legal age. It is true that the intention of the testator should prevail and govern, and all mere rules of construction must give way to such intention, unless it is absolutely incon-

sistent with some settled rule of law. This intention is, however, to be gathered from the language of the will, which is to be read in the light of the well and long established rule that in the absence of a clear manifestation of the intention of the testator to the contrary, estates shall be held to vest at the earliest period. It is familiar law that an intent to postpone the vesting of an estate must be clear and manifest, and must not arise by mere inference or construction.

It is argued that it clearly appears from the will, that the testator framed it upon the theory that he was providing for the children of the first wife and those by the second wife as different classes of persons, and that he intended the legacies to go to them as members of each class and not as individuals. The small sums given each daughter of the first wife, in the view of the appellants, signifies that the testator intended the remainder of his property to go to the children of Margaret. May it not be as well said, that the testator held all his children in equal regard and entertained for all a like affection, and desired each should share equally in his property, and that he estimated that each of the daughters of the former wife had already received as much as the other children would each receive under the provisions of the will, and that if he had anticipated the death of one of the children of Margaret, without leaving heirs, he would have provided for the disposition of the share of such deceased child, so that all his offspring would share equally in his bounty. There is nothing, however, in the will, to indicate that the testator ever thought of the death of one of the children, while a minor. Had he anticipated such an event and attempted to provide for the disposition of the share of such child, can it be said that it is known from the will, what he would have done? Appellants say, manifestly he would have given the share of such deceased child to the surviving children of Margaret. Suppose such deceased child had married before arriving at legal age and left a child or children; would any one find, in the language of this will, any indication of a desire on the part of the

testator to disinherit such grandchild or children and devote the property of the parent to the surviving uncles and aunts of such grandchild or children ? Or if the testator entertained like affection for his children without regard to whether they were born to him of the first or second wife, as seems so natural and reasonable he would, is it not probable he would, when providing for the disposition of the share of one who might die childless, so order the distribution of such share as to divide his bounty equally between all his offspring? It is difficult to say what he would have done in such a contingency, and can not be determined by us as mere matter of inference or conjecture.

Counsel for appellants cite cases supposed to support the view they desire to have accepted by the court, but in each of such cases the decision is directed and controlled by the language of the will, as in People v. Jennings, 44 Ill. 488, where the express terms of the will directed that the share of a child who might die before the time fixed for the distribution of the legacy, should go to such children as " he might leave," and in Ridgeway v. Underwood, 67 Ill. 419, where the will provided that the proceeds of land which was to be sold after the expiration of the life estate given the widow should be divided among seven children, and that the share of any one " who should die, be divided between the remainder of the seven."

In the will at bar, no words are to be found signifying the desire of the testator in such an event.

" If a testator overlooks an event which he would probably have provided against, had it occurred to him, it is not the province of the court to supply the omission by implying or inserting a clause disposing the property according to some supposed or probable intention of the testator. 2 Roper on Legacies, 1464."

The persons to whom the remainder is limited by the will, though not designated by name, are definitely known. The bequest is to " each of the said children of my wife Margaret, an equal share of all the net proceeds of my real estate." It is insisted, however, that the right of each of

Kelly v. Gonce.

these children to take is made uncertain and contingent by the following clause of the will, viz.: "I direct that after the death of my wife, my real estate be sold and distribution made among her said children as they cease to be minors." This clause, it is said, manifests that it was the intention of the testator that only such of the children as lived to reach legal age should receive any portion of the proceeds of the sale of land, and that therefore the right of any one to take was contingent and not vested. There was no contingency as to the sale of the land. It must take place upon the death of the mother, and in the course of nature her death would certainly occur. The gift to each child, then, was absolute and fixed and vested in interest at the testator's death, unless the directions of the testator in reference to the distribution of the proceeds of the sale created a contingency which made the donee of the gift uncertain. A distinction is to be drawn between a gift to such children as shall arrive at legal age, and a gift to children to be paid when or as they arrive at legal age. In the first instance the gift is contingent because it can not be known at the death of the testator whether a donee will be found at the proper period of time to take, while in the latter instance the donee is known at the time of testator's death, the gift settled upon him, and its payment only deferred. When the donee is known the gift is said to vest in interest at once, and though such donee does not survive to take possession of the subject-matter of the gift, his interest and right of possession passes upon his death to his legal representatives. Raffin v. Farmer, 72 Ill. 615; 20 American & Eng. Ency., page 851; Illinois Land Co. v. Bonner, 75 Ill. 315.

When no gift is to be found beyond a mere direction to distribute or divide at a certain stated period, or upon the happening of some event, the rule is different. In the will at bar the proceeds of the sale of the land is bequeathed to persons so designated as to be definitely known, namely, to each child of Margaret, without regard to his or her age, an equal share.

A subsequent paragraph provides for the sale of the land

after the death of the mother, and for the retention of the share of each child in the proceeds until he or she shall arrive at legal age.

We see nothing in the language of this paragraph to indicate that the testator intended to effect the gift otherwise than to fix a time for the payment of the bequest so that the donee should not enter into possession and control of the gift at an immature age.

" If futurity is not annexed to the substance of a gift, but has relation to the time of payment only, the gift vests at once." 1 Jarman on Wills, 833–836–839.

The decree must be and is affirmed.