Rector v. Dalby.

CORA V. RECTOR, Appellant, v. JOHN N. DALBY et al., Respondents.

Kansas City Court of Appeals, February 2, 1903.

1. **Trusts and Trustees: CONSTRUCTION OF WILL: RIGHTS OF LEGATEE.** Where a legatee has an absolute interest in a defined fund so that according to the ordinary rule he would be entitled to receive it on attaining his majority, but by the terms of the will payment is postponed to a later date, the courts will order a payment of the fund on his attaining his majority.

2. ———: ———: ———: **REAL ESTATE.** And it makes no difference that such legacy is chargeable upon real estate rather than payable out of personal property.

3. ———: ———: ———: **RESIDUARY LEGATEES.** The fact that such legacy is chargeable upon real estate can in nowise affect the rights of residuary legatees, since they are interested only in the residue and not in the special legacy.

4. ———: ———: ———: **DRY TRUST.** A dry trust is one where the purpose of a trust is accomplished and an active trust is a subsisting, continuing trust with something yet to be completed and in this case the trustee was *functus officio* and the *cestui que trust* is entitled to the fund.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan*, Judge.

REVERSED AND REMANDED.

STATEMENT BY BROADDUS, J.

This is an action in equity instituted by Cora V. Hopkins Rector, legatee of the will of Cora V. Thompson, deceased, against John N. Dalby, trustee, and the residuary legatees of the said Cora V. Thompson, to compel the trustee to pay to the plaintiff the legacy which he is holding as trustee of plaintiff , until she should reach the age of thirty years, as provided by the will, and asking an accounting of the trust.

The bill states the death of the testator, sets out the will wherein the testator bequeathed to the plaintiff the sum of $3,000 and directed that the executor, John N. Dalby, keep and manage the same for plaintiff until she attains the age of thirty years, and that he pay her the interest thereon until that date and that he then pay her the $3,000; that Dalby, the executor, administered the estate, paid the other legacies and received his final discharge as such executor; that the other defendants are the residuary legatees under the will; that at the date of making the will and at the date of the probate thereof the testator owned no property, real or personal, other than the real estate described in the bill; that the executor took charge of said real estate and out of the rents and profits thereof paid the other legacies and costs; that after his discharge, the said Dalby assumed the duties of a trustee and collected the rents and income of the said property and now holds the same as such trustee for the plaintiff; that the plaintiff is now twenty-two years of age. The bill prays for an accounting with the trustee and that the real estate be sold and the proceeds of the sale be

applied in payment of the legacy and for other proper relief.

There is a further provision in said will by which, ''all the remainder of my estate, real or personal, I give and bequeath to my daughter, Minnie E. Bouldin, and my son, David W. Thompson, to be divided equally between the two.''

Defendants demurred to plaintiff's bill on the ground that it stated no cause of action, which demurrer was sustained by the court. The plaintiff refused to further plead, whereupon the court rendered judgment against her from which she appealed.

*Montgomery & Montgomery* for appellant.

(1) It is not denied by the respondent that this legacy became vested in the plaintiff at the death of the testator, and that she now has power to alienate or incumber the same, and that, if the legatee should die before reaching the age of thirty years, the legacy would at once pass to her administrator. (2) It is not denied by the respondent that the testator intended to charge this legacy upon the lands described in the petition. The fact that she owned no other property, real or personal, at the date of the execution of the will and at the date of the probating thereof, raises a presumption that she so intended. Clotilde v. Lutz, 157 Mo. 439. (3) Where the testator gives a legatee an absolute vested interest in a defined fund, so that, according to the ordinary rule, he would be entitled to receive it on attaining his majority, but by the terms of the will, payment is postponed to a subsequent period, e. g., till the legatee attains the age of twenty-five, the court will, nevertheless, order payment on his attaining his majority, for at that age he has the power of charging or selling or assigning it, and the court will not subject him to the disadvantage of raising money by these means when the thing is absolutely his

own. The above is quoted from Williams on Executors (5 Am. Ed.), p. 1259, sec. 1260. Saunders v. Vautier, 4 Beav. 115; Curtis v. Lukin, 5 Beav. 147; Rocke v. Rocke, 9 Beav. 66; Young's Settlement, 18 Beav. 199; In re Jacob's Will, 29 Beav. 403; Sanford v. Lackland, 2 Dillon 9; Turnage v. Green, 2 Jones Eq. (N. C. 65; 1 Roper on Legacies, p. 553; Gosling v. Gosling, Johns (Eng.) 265; Battle v. Petway, 5 Ired. L. 576; Dado v. Maguire, 71 Mo. App. 641, and cases therein cited.

*G. W. Barnett* for respondents.

(1) Where the time of payment of a legacy is by the terms of the will postponed until a time subsequent to the majority of the legatee, such legacy is not due and payable until the time fixed by the will, and payment thereof to the legatee can not be enforced prior to that time. Claflin v. Claflin, 149 Mass. 19; In re Fair, 103 Cal. 342. (2) Especially is this true where, as in this case, there is an active trust, the authorities which hold the contrary doctrine being cases of a mere passive trust or no trust at all. Claflin v. Claflin, supra. (3) Whatever may be the law regarding specific personal legacies payable out of personal estate, a legacy which is chargeable upon real estate, as in this case, is never payable until the expiration of the time named in the will, the reason being that personal estate may be spent and gone but real estate can not run away. Gawler v. Standerwich, 2 Cox (Eng.) 15. (4) Even in cases where the legacy is payable out of a definite fund, not chargeable upon real estate, the rule invoked by appellant does not apply unless the enjoyment of the profits be postponed until a date subsequent to the majority of the legatee and unless no intermediate estate is created. Gosling v. Gosling, Johns (Eng.) 269.

BROADDUS, J.—It is claimed by plaintiff that, where the testator gives a legatee an absolute vested

interest in a defined fund, so that, according to the ordinary rule, he would be entitled to receive it on attaining his majority, but by the terms of the will payment is postponed to a subsequent period, for instance, until he attains the age of twenty-five years, the court will, nevertheless, order payment on his attaining his majority, for at that age he has the power of charging or selling it, and the court will not subject him to the disadvantage of raising money by these means when the thing is absolutely his own.

In Saunders v. Vautier, 4 Beav. 115, it was held: "When a legacy is directed to accumulate for a certain period, or where the payment is postponed, the legatee, if he has an absolute indefeasible interest, is not to wait until the expiration of that period, but may require payment the moment he is competent to give a valid discharge." In Rocke v. Rocke, 9 Beav. 66, it was held that where "an absolute vested bequest was accompanied with a direction that it should not be delivered until the legatee attained twenty-five, that he was entitled to payment on attaining twenty-one." See also Young's Settlement, 18 Beav. 199; In re Jacob's Will, 29 Beav. 403. In Dado v. Maguire, 71 Mo. App. 641, it was held that a legatee who has an absolute vested interest in a fund, the payment of which is postponed, by the will devising the fund, to a period beyond his majority, may, on attaining his majority, obtain an order for its payment, notwithstanding such postponement."

On the other hand, our attention has been called to the case of In re Fair, 103 Cal. 342, wherein the testator willed all his estate, both real and personal, to trustees for the payment of debts and certain legacies, to be held and possessed by them, with certain powers and directions. Among his legatees were James Graham Fair and Charles Lewis Fair. The respective bequests to these two sons were as follows: "I give and be-

queath to my son James Graham Fair the sum of five hundred thousand dollars, and direct the same to be paid to him when he shall have attained the age of thirty-five years, but not before then, and that in the meantime there shall be paid to him monthly the sum of five hundred dollars.'' And a like sum was bequeathed to Charles Lewis Fair, to be paid him when he attained the age of thirty-five years, but not before, and a like sum to be paid him monthly. The will further provided that in case either of said sons should die without wife or lawful issue surviving him, the portion allowed him was to be paid to the surviving brother, if living; if not living, then to his surviving wife or lawful issue, if any. And that in case both said sons should die without wife or lawful issue surviving them, then their portions were to go to his two daughters who had received certain other bequests under the will. James G. Fair died before he attained the age of thirty-five years, without a wife or lawful issue surviving him, whereupon Charles L. Fair claimed payment to himself of his deceased brother's legacy under the will. This claim was denied, the court holding that as survivor he was not entitled to the payment of the legacy given to his deceased brother immediately upon his death, and that such legacy was not payable until, by the terms of the will, it would have been payable to the deceased, if he had lived. One of the grounds for the holding of the court in that case was that the will devised the entire estate to trustees, to be held and possessed by them, with power to sell and dispose of it, and reinvest the surplus for the best interest of the estate. And upon the further ground that the estate in controversy was a contingent estate depending upon the death of his brother, James G. Fair, without a wife or lawful issue surviving him.

We do not think that case is the same upon principle with this.

In Gawler v. Standerwich, 2 Cox (Eng.) 15, it was held, under the facts, that the legacy in question was not a vested legacy, the legatee having died before the time of payment. The ruling of the court seemed to have been based on that found in Boycot v. Cotton, 1 Atk. 555, where it was held as settled law that a portion "charged upon land to be given whether with or without interest, if the person dies before the age at which it becomes payable, it shall sink into the estate." That case is also different from this in that the legacy did not pass to the heirs of the legatee but sank into the estate.

In Claflin v. Claflin, 149 Mass. 19, the court in speaking of a similar bequest to Adelbert E. Claflin, uses the following language: "There is no doubt that his interest in the trust fund is vested and absolute, and that no other person has any interest in it, and the weight of authority is undisputed that the provisions postponing payment to him until some time after he reaches the age of twenty-one years would be treated as void by those courts which hold that restrictions against the alienation of absolute interests in the income to trust property are void." But the court refused to follow the rule thus laid down because of the opinion entertained that such rule would be contravening the intention of the testator.

But the contention of the defendants here is, that in order that the rule should apply, the legacy must be payable out of the personal property and not chargeable upon real estate. It is not shown why there should be any reason for such distinction in its application. It seems to us that it is the nature of the estate and not the character of the property itself that governs. And in our opinion it can make no difference whether the property charged with the legacy is real or personal. We must consider the terms of the devise, and not the distinction between the general law governing real and personal property.

And we can see no force in the contention that a legacy must be paid out of a specific fund, without any one else being interested therein, or any contingencies whatever existing, for the reason that the fund in this case is specific and definite, viz., three thousand dollars. It is true that the testator died without leaving any personal estate, and the legacy thereby became a charge against the real estate in controversy, but that fact did not make the residuary legatees interested in the legacy in question. The legacy must be separated from the residue of the estate, if it is to yield an income as provided by the will. It seems to have been the intention of the testator that the specific sum of three thousand dollars should be taken out of her estate by the trustee and utilized so that it would accumulate an income. The estate of the defendants Bouldin and Thompson, as residuary legatees, are postponed to that of the legatee. They can have no interest in the trust fund charged against the estate, but only an interest in the residuary estate, if any, and it is no argument against the plaintiff's demand that if she takes her legacy now it may have the effect of depreciating the residuary interest, for at all times since the death of said testator the legacy was due and payable to the trustee. And if the trust is to continue or to expire can make no difference as the legacy must be paid out of said estate, either to the plaintiff or the trustee.

It is further contended that the rule invoked by the plaintiff can have no application in cases of active trust. If such be the rule it can have no application here. In the Massachusetts case, supra, a dry trust was defined as that where the purpose of the trust is accomplished. Therefore, an active trust would be a subsisting continuing trust where something had not yet been completed which was the original purpose giving rise to its creation. But it follows, as a necessary sequence, that if plaintiff's theory of the law is sound, the trust in question is a dry trust, and the purpose of

its creation having been accomplished the office of the trustee is *functus officio,* and the plaintiff is entitled to the fund.

As was said in the Claflin case, ante, the weight of authority is in favor of the plaintiff's right of recovery, and as we are not convinced by the reasons given in that case for a different ruling, we having concluded to adopt the plaintiff's theory, as it seems to be supported not only by the greater weight of authority but also by that of sounder reason.

Cause reversed and remanded. All concur.