JAMES H. HILL, APPELLEE, v. JOHN W. HILL, JR., TRUSTEE, APPELLANT; SARAH E. HILL ET AL., APPELLEES.

FILED OCTOBER 6, 1911.  No. 17,079.

1. Wills: CONSTRUCTION: "HEIRS." A devise to the testator's "lawful heirs" should be construed as referring to those who are such at the time of the testator's death, unless a different intent is plainly manifested by the will.

2. ——: ——: VESTED AND CONTINGENT DEVISES. If a future time for the enjoyment of a devise is fixed by the will of a testator, the devise will be vested or contingent according as, upon a consideration of the entire will in the light of the circumstances surrounding the testator at the time it was made, it is evident he intended to annex the time to the enjoyment of the devise, or to the gift of it.

3. Trusts: CONSTRUCTION. A bequest to A to hold personal property, or a devise to hold the title to real estate, in trust for B, but with no duties to perform and no estate in remainder or gift over, vests in the trustee a naked, legal title, and none other.

4. ——: ENFORCEMENT: EQUITY. In that event, if B is of full age and competent, not a spendthrift, and there is no restraint upon his right to sell or incumber his estate, a court of equity at his suit may lawfully require A to yield possession and control of the estate to B, and may compel the trustee to convey the estate to whomsoever B directs.

5. ——: APPEAL: DECREE: HARMLESS ERROR. If the court in such an action requires the trustee to convey to B, the error, if any, is without prejudice to A.

6. **Wills: CONSTRUCTION.** It is the duty of the courts in construing a will to carry into effect the true intent of the testator, so far as that intent can be collected from the whole instrument, if not inconsistent with the rules of law; but the law imputes to the testator a knowledge of those rules, and he will be presumed to have executed his will with an understanding that the objects of his bounty may demand their portions in accordance therewith.

7. **Trusts: ENFORCEMENT: EQUITY.** An order by a county court directing an administrator with the will annexed to deliver to a testamentary trustee possession of all property affected by that trust, but in no manner defining the rights of the *cestuis que trustent*, presents no bar to an action in equity by the *cestuis que trustent* against the trustee to compel him to deliver possession of the property, and in effect to dissolve the trust.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*Frank T. Ransom* and *Ellery H. Westerfield,* for appellant.

*O'Harra & O'Harra, Isaac E. Congdon* and *Henry E. Maxwell, contra.*

ROOT, J.

This is an action to require a trustee to pay to the plaintiff the net income of his alleged share of an estate; those defendants, who also contend that they are beneficial owners of shares of that estate, pray that the trustee be required to convey the entire estate to the equitable owners thereof. The cross-complainants prevailed, and the trustee appeals.

The instrument involved in this controversy is the last will and testament of Lew W. Hill, deceased, and is as follows: "I, Lew W. Hill, hereby make and declare this my last will: I will and bequeath to my nephew, John W. Hill, Jr., in trust for my lawful heirs, all my estate, both real and personal, of every kind and nature, to be held by said trustee for the term of five years, and to be

distributed among my lawful heirs at the end of such period. Dated this 13th day of July, 1908."

The testator, a wealthy bachelor residing in Omaha, executed the will during his last illness and three days before his death. After the estate was administered, the county court ordered the administrator with the will annexed to deliver to himself as trustee all of the estate, and he complied with the order. At the time the will was executed, Lew W. Hill's heirs presumptive were the plaintiff, then 73 years of age, the defendant John W. Hill, Sr., then 70 years of age, and two sons and a daughter, sole children of the testator's deceased sister, Mary Wilson, each of whom was past 30 years of age. All of those heirs survived the testator, and 'were parties to this action. The niece died after this suit was commenced, and the action has been revived in the name of her legal representatives.

The evidence is meager, but it appears therefrom that all of the testator's heirs were, and that the survivors are, competent to transact business, and that none of them are spendthrifts. The plaintiff is a man of but little means, and works at his trade as a painter. There is no proof to so much as suggest that the testator entertained unkind feelings towards any of his relatives.

If we understand the argument in the trustee's brief, his contention is that the will devises the estate to a class to be ascertained five years subsequent to the testa-tor's death, at which time, and not before, the devisees. other than the trustee, take a vested estate; that preced-ing this event the trustee has the sole right to manage and control the estate; that the decree of the county court is a bar to any action having for its purpose the di-version of that estate from the possession of the trustee, and that in any event an action in equity will not lie.

We discover nothing in the will to suggest that the devisees did not take a vested present estate. The testa-tor does not say that the devise is to those of his heirs who shall survive five years subsequent to his decease, nor

does he by any condition, precedent or subsequent, restrict the distribution of his estate to his heirs in being at that time. The will contains but one sentence, and, by the identical words which devise a legal estate to the trustee, an equitable estate is devised to the testator's lawful heirs.

The general rule seems to obtain that a devise or bequest to "heirs at law" or "heirs" of a testator should be construed as referring to those who are such at the time of the testator's death, unless a different intent is plainly manifested by the will. *Abbott v. Bradstreet*, 3 Allen (Mass.) 587; *Minot v. Tappan*, 122 Mass. 535; *Dove v. Torr*, 128 Mass. 38; *Cummings v. Cummings*, 146 Mass. 501; *Boston Safe Deposit & Trust Co. v. Parker*, 197 Mass. 70; *Allison v. Allison's Ex'rs*, 101 Va. 537; *In re Tucker's Will*, 63 Vt. 104.

No special significance should be given to the fact that the testator did not name his heirs presumptive; the document evidences either extreme haste in preparation or a desire for such brevity that details were sacrificed to comprehensive terms. There is nothing in the record, other than the will, to suggest that the testator did not intend to permit his elder brother, who had outlived the scriptural span of life, to receive a part of the testator's estate, unless that brother survived his seventy-eighth birthday. The estate is of such magnitude that it is not necessary to take from the portion of one devisee for the benefit of another in order that the latter may be supported in reasonable comfort upon the income from the devise. There is nothing in the terms of the will or in the circumstances of the case to convince us that the testator did not intend to benefit every person who at the time of the testator's death was one of his heirs. It is argued, however, that time was annexed to the substance of the gift, and therefore the estate will only vest in those of the class who survive at the time fixed for distribution.

We may safely accept the rule quoted by the trustee from 2 Williams, Executors (7th Am. ed.) p. 515: "When

a future time for the payment of the legacy is defined by the will, the legacy will be vested or contingent, according as, upon construing the will, it appears whether the testator meant to annex the time to the payment of the legacy, or to the gift of it." So, if the gift be independent of the direction to pay, the estate will ordinarily vest. As we have seen, the gifts in the instant case do not depend upon directions to pay or transfer at a future date, but are given by direct language in the present tense in a clause in nowise dependent upon the directions to distribute. The estates therefore are not contingent, but certain. 2 Jarman (Sweet) Wills (6th ed.) p. 1358; Theobald, Wills, p. 583; Kales, Future Interests, sec. 210; *Ruffin v. Farmer, Adm'r,* 72 Ill. 615; *Marsh v. Wheeler,* 2 Edw. Ch. (N. Y.) *156; *Goddard v. Johnson,* 31 Mass. 352; *Andrews v. Russell,* 127 Ala. 195.

The trustee contends that in any event he is entitled to the possession and control of the estate for five years subsequent to the testator's death, and that in the meantime none of the devisees should receive any part of the rents and profits growing out of the estate. There is some inconsistency in the attitude of the devisees; the plaintiff announces in his petition that he is content to receive a third of the net increase of the estate; the defendant, John W. Hill, Sr., in substance states in his answer that he is willing the trustee should continue in possession of the trust estate; whereas the nephews and the niece, who by representation contend for one-third of the estate, insist that the trust shall be dissolved and the entire estate delivered to the *cestuis que trustent.* The trustee is the son of John W. Hill, Sr., and it is more than probable that no serious conflict will arise between them, should it be determined that the decree of the district court should be affirmed. The plaintiff, while contending in his petition for the net income of his portion of the estate, in this court defends the decree of the district court. It will be observed that the will vests the trustee with no power and defines no duty which he is to per-

form, save that he is to "hold" the estate. It may be suggested that he is charged with the duty of distributing the estate, but such construction must be by implication. The major part of the estate consists of farms and city lots; there is no direction to the trustee to convert this real estate into cash and distribute the proceeds. The distributive shares of the personal estate may readily be paid therefrom, and the devisees will take the real estate as tenants in common. The trust created, therefore, was passive, vesting in the trustee a dry, naked title. The effect being, so far as the real estate is concerned, if the statute of uses were part of the law of this state, to vest immediately the legal title as well as the beneficial use in the *cestuis que trustent*. 1 Perry, Trusts (6th ed.) sec. 298; 2 Jarman (Sweet) Wills (6th ed.) p. 1813; *In re Jacob's Will,* 29 Beav. (Eng.) 402; *Gosling v. Gosling,* Johns. (Eng.) 265; *Woolley v. Preston,* 82 Ky. 415; *Henderson v. Adams,* 15 Utah, 30; *Wellford v. Snyder,* 137 U. S. 521; *Martin v. Fort,* 27 C. C. A. 428. But it is said this principle does not apply because this court, in *Farmers & Merchants Ins. Co. v. Jensen,* 58 Neb. 522, held that the statute of uses had not been adopted as part of our system of conveyancing. Granting this to be true, and giving the cited opinion the scope contended for by the trustee, the law should be considered as though parliament had not enacted the statute, 27 Henry VIII, ch. 10. In that event, the power of the chancellor to compel the trustee to account for, and, if he had no duty other than to hold the legal title to the estate, to require him to deliver over, that estate to his *cestuis que trustent,* would be unquestioned. Lewin, Trusts (11th ed.) pp. 16, 849.

Section 9, art. VI of the constitution, among other things, provides that the district courts shall have chancery jurisdiction. The district court, therefore, had authority in the premises. In the instant case the testator did not provide that the devisees should not alienate their interests in his estate; did not provide that upon a contingency any portion of the estate should go over by way of an executory devise or otherwise; did not direct the

trustee to lease the land or collect the rents and profits; did not direct him to pay taxes or insure the buildings, loan money, collect the principal or interest, due or to become due, upon the certificates of deposit, promissory notes or land contracts, which form the bulk of the personal estate. The trustee is not charged with the duty of paying any of the heirs' debts nor is he required to pay for their support, nor to expend money for any purpose whatsoever, nor to distribute the estate. The *cestuis que trustent,* therefore, by long-established and well-known rules of law, are entitled to not only the enjoyment, but the immediate possession, of their portions of the estate. *Atkins v. Atkins,* 70 Vt. 565; *Jasper v. Maxwell,* 1 Dev. Eq. (N. Car.) 361; *Rector v. Dalby,* 98 Mo. App. 189, 71 S. W. 1078; *Rife v. Geyer,* 59 Pa. St. 393, 98 Am. Dec. 351; 3 Pomeroy, Equity Jurisprudence (3d ed.) sec. 988. The *cestuis que trustent* may also lawfully require the trustee to execute such conveyances of the legal estate as they may direct. 2 Perry, Trusts (6th ed.) sec. 520. It may be that the district court would have more nearly conformed to the law, had it not ordered the trustee to convey to the various *cestuis que trustent* the legal title to the property in controversy, but had directed him to convey to third persons during the five years, if so requested by the beneficiaries. If there is any error in this regard, it is without prejudice.

It is argued that the district court ignored the expressed intent of the testator that his estate should not be distributed for five years, and thereby the will was destroyed. But the law imputes to the testator a knowledge of its rules; he will be presumed to have known that it was optional with the devisees to permit the trustee to exercise dominion over the estate or to call upon him to convey, and that they would have a lawful right to call a court of equity to their aid to compel him to deliver possession of the estate or to convey the legal title. The district court therefore did not disregard the testator's intent.

7

The contention that the plaintiff had an adequate remedy at law by an action in replevin or of conversion for his portion of the personal estate, and by an action in ejectment for his share of the real estate, is not well taken. Having held that the statute of uses is not in force in Nebraska, a court of equity is the proper forum to call the trustee to account and to make such orders as justice and equity demand with respect to the trust estate. 2 Story, Equity Jurisprudence (13th ed.) sec. 1058.

But it is said that the decree of the county court is a bar to this action. The county court did not determine or attempt to decide that the trustee was seized of any particular estate in the property of the deceased, or to adjudicate the rights of the *cestuis que trustent.* The administrator with the will annexed was permitted to exonerate himself and his bondsmen from further liability by delivering the estate to himself as trustee. The fact that the trustee, at the suggestion of the parties interested, executed a bond to the county judge and to his successors in office to account for the choses in action and the personal estate of the deceased at the end of the five year period was not a determination of the rights of any devisee under the will. Section 16, art. VI of the constitution, withholds from the county courts jurisdiction to determine actions where the title to real estate is sought to be recovered or is drawn in question; and while that court might lawfully make an order upon proper notice, which when obeyed by the administrator with the will annexed would protect him in delivering possession of the real estate owned by the testator at the time of his decease, it would not estop those devisees from litigating their rights in the district court in a proper action with respect to that title. The county court did not attempt to construe the trust, so far as it affected the personal estate, and the decree of the district court, in the instant case, reserved for further determination the distribution of that property. The construction given by this court to

the trust will, however, control the parties, not only in the disposition of the real, but also with respect to the personal, estate.

Finding no prejudical error in the record, the decree of the district court is

AFFIRMED.