## Elizabeth Mendel et al., Plaintiffs in Error, v. Jacob Heintz et al., Defendants in Error.

1. WILLS—*cardinal rule of construction.* "The paramount rule in the exposition of wills, to which all others must bend, is, that the intention of the testator as expressed in the will must be ascertained and given effect if not prohibited by law."

2. WILLS—*when estates vest.* "It has long been the settled rule of construction in the courts that estates, legal or equitable, given by will should be regarded as vesting immediately, unless the testator has by very clear words manifested an intention that they should be contingent on a future event."

3. WILLS—*when estates vest.* If the postponement of time of payment is for the benefit of the estate, a gift will vest immediately upon the death of the testator.

Bill in chancery. Error to the Circuit Court of Monroe county; the Hon. Louis BERNREUTER, Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded. Opinion filed November 11, 1911.

JOSEPH W. RICKERT, for plaintiffs in error.

A. C. BOLLINGER, for defendants in error.

MR. JUSTICE McBRIDE delivered the opinion of the court.

This was a bill in chancery filed September 13, 1909, to enforce a testamentary lien, to which a demurrer was interposed and sustained; afterwards on February 14, 1910, an amended bill was filed in said cause introducing therein additional parties. The amended bill is presented by Elizabeth Mendel, nee Miller, wife of George Mendel, and Arthur Miller, a minor, by said Elizabeth Mendel, his next friend, children and heirs of Katherine Miller, nee Saathoff, and William Saathoff, and Mary Guebert, a widow of John Guebert, deceased, and heirs of John Saathoff, deceased, and represents that their grandfather, Henry Saathoff, late of Monroe county, Illinois, departed this life testate on February 4, 1865, leaving Anna Saathoff, his widow, and John Saathoff, Voelkers Saathoff, Katherine Saathoff, Margaret Saathoff and Rosine Saathoff, only children, heirs and legatees him surviving, and that the said Henry Saathoff was at the time of his death the owner and possessor of a large amount of personal property, together with notes, mortgages, moneys and effects, and was also then seized in fee of the west half of the southwest quarter of section 17, and the northeast quarter of the southeast quarter of section 18, and a strip of land thirty feet wide off of the west side of the east half of the northwest quarter of section 20, all in township 2, S. R. 9 W., Monroe county, Illinois. That the said Henry Saathoff in his lifetime on, to wit, November 30, 1864, executed his will which provides as follows:

"First. It is my will that my funeral expenses and all my just debts be fully paid. Second. After payment of all funeral expenses and just debts, I give, devise and bequeath unto my beloved wife Anna Saathoff, all my lands I own and possess described as follows: west half of the south east quarter Section 17 and north east quarter South east quarter Section 18 and a strip of land thirty feet wide off of the west side of the east half of the north west quarter of Section 20 all in Township 2 S. Range 9 West Monroe County Illinois. Said last described thirty feet are for a road only leading from the said eighty South to the Belleville road in said County, and her heirs and assigns forever, also all my notes, mortgages, moneys and effects in fact all my personal property I own and possess at my death in lieu of her dower with the following conditions, that is to say my said wife Anna Saathoff shall pay to my son John Saathoff two hundred dollars on the day of proving up this will and shall pay to my son Voelke Saathoff one thousand dollars after my death and when he arrives at the age of twenty one years and shall pay to my daughters Katherina Saathoff, Margaret Saathoff and Rosina Saathoff each the sum of five hundred dollars and payable after my death and when the said daughters arrive at the age of eighteen years should any more children be born to my wife by me begotten then each child so born shall receive five hundred dollars from my said wife who (when) such children shall arrive at maturity all of said claims shall bear six per cent interest after they or each of them become due until paid and to secure said claims and payments to my said several children I hereby charge the same on the said land in the nature of a mortgage and until the last claim is paid and my said wife shall not have any right to sell or dispose of the same until the last claim shall have been paid or secured to each of my said children afore named and those unborn if any and which shall be the full share out of my said estate real or personal my said children are to receive and no more my wife need not give any security before the County Court or the Court wherein

this will is probated as I have but (no) debts and the legacies having been secured on the said land.''

''And lastly I hereby appoint my said wife to be my executrix of this my will revoking all former wills by me at any time heretofore made and I ratify and confirm this and no other and my wife aforesaid shall pay all my debts in full out of my personal estate.''

The bill further alleges that Anna Saathoff qualified as such executrix and that the total amount of the personal property was $1,600 and the indebtedness $295.15. That on September 27, 1865, the said Anna Saathoff intermarried with the defendant, Jacob Heintz; that on November 9, 1865, Rosina Maria Saathoff, one of the above legatees, departed this life in infancy, unmarried and intestate, and left her surviving her mother, Anna Heintz, John Saathoff, Voelke Saathoff, Katherina Saathoff and Margaret Saathoff, her brothers and sisters and only heirs at law; that on May 3, 1872, the said Margaret Saathoff, legatee aforesaid, departed this life in infancy, unmarried and intestate and left her surviving her mother, Anna Heintz, and her brothers and sisters, John Saathoff, Voelke Saathoff, Katherina Saathoff and Minnie Heintz, a half sister, and Adam J. Heintz, a half brother; that Katherina Saathoff intermarried with one Jacob P. Miller and departed this life intestate on December 3, 1894, and left her surviving her husband, Jacob P. Miller, who afterwards on December 15, 1907, died intestate, both of whom, the father and mother, left them surviving as their only children and heirs at law, Elizabeth Mendel, nee Miller, and Arthur Miller; that on May 28, 1862, said John Saathoff departed this life intestate and left him surviving his widow and his children, William Saathoff and Mary Guebert, and on February 16, 1905, the said Anna Heintz, former wife of Henry Saathoff, departed this life testate; that she executed her will on November 4, 1872, and by said will she devised all her real estate, including the lands above described, to her husband,

Jacob Heintz, in fee, subject to the payment of all the legacies which are made liens on said land until paid as provided in the last will of Henry Saathoff, her former husband; that on June 19, 1909, the said Jacob Heintz sold and conveyed all of the lands above described to Frank Einwich for an express consideration of $3,700, and that the complainants through the death of their several ancestors, and by reason of the death of Katherina Saathoff and Rosina Maria Saathoff became entitled to a portion of the money above devised by Henry Saathoff to Katherina Saathoff and Rosina Maria Saathoff.

The bill also alleges that the said legacies were not paid to the said Katherina or Rosina Maria Saathoff, or to any of their heirs or legal representatives, and prays that Jacob Heintz may be decreed to pay complainants whatever sum shall appear to be due them upon taking such account, and that in default of such payment the above described land may be sold to satisfy the same. To this amended bill the defendant Jacob Heintz filed his demurrer and states therein "for cause of demurrer shows that the said complainants have not in and by their amended bill of complaint filed herein, shown that Rosina Maria Saathoff and Margaret Saathoff, or either of them, had at the time of their death any vested interest in and to the legacies of which the complainants seek to recover a part, and that as shown by said amended bill said Rosina Maria Saathoff and Margaret Saathoff did not at the time of their death have any interest in or to said legacies or any part thereof." The demurrer was sustained to the bill. Plaintiffs in error excepted and elected to stand by the bill and prosecute this writ of error.

The decision of this case involves a construction of the will of Henry Saathoff; and the sole question under the pleadings herein is, did the legacies given by the will of Henry Saathoff to Katherine Saathoff and Rosina Maria Saathoff vest at the time of the death of the testator or was the vesting thereof postponed

Mendel v. Heintz, 165 Ill. App. 576.

until the said children respectively became of the age of eighteen years?

It is disclosed by the bill that Henry Saathoff was possessed of only about $1,300 worth of personal property, in excess of his indebtedness, at the time of his death, and the one hundred twenty acres of land devised to his widow which many years afterwards sold for $3,700. That he left his widow and five children, four of whom were minors, and the above mentioned property was the only means, so far as appears from the bill or the will, that Anna Saathoff had of maintaining and educating these children, and the paying off of the legacies mentioned in the will. We agree with counsel, that we cannot be governed entirely in the construction of this will by the adjudged cases, as the construction of each will depends upon the context, and the whole of the will must be taken into consideration in each particular case; to the construction of which we must apply the fundamental principles and from these determine the intention of the testator. "The paramount rule in the exposition of wills, to which all others must bend, is, that the intention of the testator as expressed in the will must be ascertained and given effect if not prohibited by law." Armstrong v. Barber, 239 Ill. 389.

It has also been held: "It is a cardinal rule in the construction of wills that the testator's intention, as indicated by the words used, shall be ascertained from a consideration of the entire instrument, and each clause, sentence and word thereof be given meaning and effect if it can be done." Vanatta v. Carr, 223 Ill. 160.

It has also been determined that a cardinal rule, in the construction of wills, is that estates should be regarded as vested immediately upon the testator's death, and as has been well said, "It has long been the settled rule of construction in the courts that estates, legal or equitable, given by will should be

regarded as vesting immediately, unless the testator has by very clear words manifested an intention that they should be contingent on a future event." Armstrong v. Barber, *supra;* Grimmer v. Friederich, 164 Ill. 245.

It is also said by our Supreme Court: "The law favors the vesting of estates at the earliest possible moment, and estates devised will vest in interest at the death of the testator unless some later time for their vesting is clearly expressed by the words of the will or by necessary implication therefrom." Carter v. Carter, 234 Ill. 507.

Jarmin on Wills, Vol. 2, 406, says: "The law is said to favor the vesting of estates; the effect of which principle seems to be, that property which is the subject of any disposition, whether testamentary or otherwise, will belong to the object of gift immediately on the instrument taking effect, or so soon afterwards as such object comes into existence or the terms thereof will permit. As, therefore, a will takes effect at the death of the testator it follows that any devises or bequests in favor of a person *in esse* (*i. e.* without any intimation of a desire to suspend or postpone its operation) confers an immediately vested interest."

We come now to the application of these principles to the terms of the will in question for the purpose of determining, as best we can, the intention of the testator. The language of the will is, "and shall pay to my daughters Katherina Saathoff, Margaret Saathoff and Rosina Saathoff each the sum of five hundred dollars and payable after my death when the said daughters arrive at the age of eighteen years." It will be observed that this gift and the time of payment is fixed by two clauses; the first clause provides that the executrix "shall pay to my daughters Katherina Saathoff, Margaret Saathoff and Rosina Saathoff each the sum of five hundred dollars," and if this was the whole of the sentence the gift would be complete and

no one would question but what the five hundred dollars was payable immediately upon the testator's death, but to prevent his widow from being required to pay these immediately upon his death he further provides, "and payable after my death and when the said daughters arrive at the age of eighteen years," and we think that the testator evidently meant, first, to give this legacy to the daughters and then to provide that the mother should have ample time in which to pay it.

It is said by Underhill in his valuable treatise on Wills, page 668, sec. 508: "The following rule has been laid down by the authorities (but which it is admitted must vary according to the circumstances of the case, showing an intention by the testator that the estate shall or shall not vest); a bequest to a person 'payable' or 'to be paid at' or 'when he shall attain' twenty-one years of age creates a present vested interest, for the words 'payable' or 'to be paid' do not refer to the time of the vesting of the bequest but only to the time of its payment, and nothing shows that an immediate vesting is not intended. The gift vests as if no time was mentioned." And we think the case of Ruffin, Admx., v. Farmer, Admr., 72 Ill. 615, is also in point on this question. It is said by Justice Boggs in the case of Kelly v. Gonce, 49 Ill. App. 82: "A distinction is to be drawn between a gift to such children as shall arrive at legal age, and a gift to children to be paid when or as they arrive at legal age. In the first instance the gift is contingent because it cannot be known at the death of the testator whether a donee will be found at the proper period of time to take, while in the latter instance the donee is known at the time of testator's death, the gift settled upon him, and its payment only deferred. When the donee is known the gift is said to vest in interest at once, and though such donee does not survive to take possession of the subject-matter of the gift, his interest and right of possession passes upon his death to his

legal representatives." And we think that the use of the word "payable" indicates that the testator had fixed an amount to be paid and then proceeded afterwards by the use of this and the following words to say when it should be paid.

Again he says "and to secure said claims and payments to my said several children I hereby charge the same on the said land in the nature of a mortgage," indicates to our mind that the testator had in his mind a fixed fact that he had given something to the said children and he wanted to secure that to them so they would be certain to receive it, and made the same a charge on the land.

Another rule to be observed is that if the postponement of the time of payment is for the benefit of the estate that a gift will vest immediately upon the death of the testator.

Counsel for appellee insists in his brief that the postponement of the payment of the legacies herein referred to could not have been for the benefit of the estate. We cannot agree with counsel in this contention. The rule of law as he concedes is, that if the payment is deferred for the benefit of the estate, that this will be a strong reason for determining that the legacy vests immediately upon the death of the testator. Our Supreme Court has carried this rule to the extent that even though there be no other gift than in a direction to pay and distribute *in futuro,* yet if such payment or distribution appeared to be postponed for the convenience of the fund or property, the gift in remainder will not be deferred until the period fixed for payment but will vest at once. Scofield v. Olcott, 120 Ill. 362; Dee v. Dee, 212 Ill. 338.

This rule is admitted by counsel for appellee to be the law, but he argues that the facts in this case would not warrant the assumption that the payment was postponed for the benefit of the estate for he says there is a strong presumption that he had a surplus of personal property, and that because he had devised the

land to his wife in fee no such presumption could arise, and claimed that the only ground for such contention is that the legacies were made a charge upon the land devised in fee to the wife. We think that having made the legacies a charge upon the land that the testator recognized that they were existing obligations from the time of his death that were to be paid; and we think even a stronger reason than this exists in the fact that it is disclosed, by this record, that the testator had at the time of his death in personal property, notes and credits only the amount $1,307.85 in excess of his debts and the one hundred twenty acres of land in question; that he left four minor children. This land was encumbered with legacies to the amount of twenty-seven hundred dollars. The testator certainly realized that the widow could not maintain and educate this family of children and pay the legacies that he had charged against the land unless she had time to make it out of the land, which would probably require many years, and that he no doubt thought that by making these payments, as the children would arrive at their age, that she would have the opportunity to produce it from the lands; and it was undoubtedly a benefit to the estate that he provided that the payments of these legacies be postponed to a future time.

It follows that the court erred in sustaining the demurrer to the complainants' bill, and the decree of the Circuit Court is reversed and the cause remanded with directions to the Circuit Court to overrule the demurrer.

*Reversed and remanded.*