GOOD, J., dissents to the rule announced in the second paragraph of the syllabus.

ANN L. FLANAGAN, APPELLEE, V. H. A. OLDEROG: SNYDER STATE BANK, INTERVENER, APPELLANT.

FILED JULY 5, 1929. No. 26707.

*Swarr, May & Royce, C. M. Skiles* and *I. D. Beynon,* for appellant.

*James H. Hanley, contra.*

Heard before ROSE, DEAN, GOOD and DAY, JJ., and RAPER and REDICK, District Judges.

RAPER, District Judge.

Peter J. Flanagan by his last will devised the north half of section 16, township 13, range 10, in Sarpy county, to his wife during her life, and, subject to her life estate, by item 7 in his will, made the following devise:

"I give and bequeath unto my beloved daughter Ann L. Flanagan, to be held in trust by her for my beloved son Bernard W. Flanagan, his heirs and assigns, one-fourth (¼) of all the residue of my estate subject only to the bequests and devises above set forth in paragraphs, first, second and sixth."

This will was duly probated in Douglas county, and, soon after the probate thereof, the Snyder State Bank began an action in the district court against Bernard W. Flanagan to recover judgment on two promissory notes held by the bank against Bernard W. Flanagan, who was a nonresident

of the state. The bank by appropriate proceedings procured an attachment against the interest of said Bernard in the above described land and secured valid service on him as a nonresident. Bernard W. Flanagan made no appearance, and the cause was heard by the district court, judgment rendered by the court in favor of plaintiff, and order of sale was directed to issue to sell the attached property to satisfy the amount found due plaintiff. The order of sale was duly issued and the land advertised for sale thereunder. Before sale day, Ann L. Flanagan began this action to restrain the sheriff, H. A. Olderog, from proceeding with the sale. The State Bank of Snyder seasonably and by leave of court intervened. In her petition plaintiff alleges that the attachment proceedings and judgment rendered thereon against Bernard W. Flanagan were wholly null and void, and constituted no lien upon said real estate, as the said Bernard W. Flanagan since the recovery of said judgment has had no interest in said real estate, and a sale thereof under said judgment and execution would cast a cloud upon the legal title of said Ann L. Flanagan; and she prays that a perpetual injunction be granted restraining the sheriff from selling the land, and she prays that the title to the land be quieted and confirmed in her.

In its petition the intervener set out the proceedings in attachment, the judgment and the issuing of the execution thereon, and pleaded that said devise to Ann L. Flanagan, in trust, was a mere naked trust, and that the title to one-fourth of the land vested in Bernard W. Flanagan, and prayed that the land be held subject to the payment of its judgment against Bernard W. Flanagan.

On the hearing the court found generally for plaintiff, and granted a perpetual injunction against the sheriff and the intervener to restrain the sale, and decreed that the legal title to the real estate be quieted in plaintiff as trustee; from which decree the intervener bank appeals.

It is claimed by appellee that, because the legal title to the land was in her name as trustee, it was not subject to the payment of any debt against Bernard W. Flanagan, and

appellee further claims that the bequest establishes a spendthrift trust and as such the land cannot be held for payment of Bernard's debts. The appellant contends that the devise is a mere naked trust, and the title vested absolutely in Bernard W. Flanagan. At the trial it was testified by appellee that her brother Bernard was in a way a spendthrift, because he was somewhat reckless in business deals; that he owed several thousand dollars and the testator had told her that he did not want the land to go to the payment of Bernard's debts because it was a personal gift.

In the case of *Hill v. Hill,* 90 Neb. 43, this court held that a devise to hold the title in trust for another, but with no duties to perform and no estate in remainder or gift over, vests in the trustee a naked legal title, and none other. The language in the devise in the case at bar brings it squarely within the rule announced in the *Hill* case. But appellee claims that the oral testimony of Ann L. Flanagan establishes a spendthrift trust. Without determining to what extent oral testimony may be received to amplify or explain a devise to make it a valid spendthrift trust, it is plain that her testimony does not materially affect or alter the words in the will. The language of the will, in conjunction with her testimony, falls far short of establishing an active or spendthrift trust. 25 R. C. L. 356, sec. 7. Under the rule in the *Hill* case, the devise vests the title and right of possession in Bernard W. Flanagan, which he was entitled to have on his demand.

The trustee further claims that, inasmuch as the legal title was devised to her, the land was not subject to attachment or execution sale for Bernard's debt. For the purposes of this case it may be conceded that a judgment creditor may not sell an equitable interest of his debtor in the debtor's land, but it is a well-settled rule of practice in this state that a creditor may levy an attachment on the land, or, if there be a personal judgment against the debtor, an execution can be levied on the land, and a lien thereby established which will furnish a basis for an action by creditor's bill to remove the impediment in the title and have

the land decreed to be subject to the lien of the attachment or execution. Where the action, as in this case, was begun by attachment, and subsequently the court adjudged the amount due and directed sale of the attached property, it was not necessary to have an execution returned unsatisfied before proceeding by creditors' bill to have the title adjudicated in the attachment defendant, and subject to sale to satisfy the debt. It may be that the property in this case could not have been sold under the execution held by the sheriff when appellee brought this action, although the courts of Tennessee seem to hold otherwise when the party holding the legal title is a mere naked trustee. *Turley v. Massengill*, 7 Lea (Tenn.) 353. However, that question is not decisive here. The plaintiff, in her petition, not only prayed for an injunction to restrain the sheriff from selling the land, but she also prayed that the title to the land be quieted and confirmed in her. The intervener in its petition set forth every element necessary in a creditors' bill, and prays the court to decree the legal title to the one-fourth interest in the real estate to be vested in Bernard W. Flanagan, and subject to the satisfaction of plaintiff's attachment and judgment. The issue of the title was thus squarely raised and in effect is the same as if the intervener had first filed its creditors' bill and the trustee had answered.

The will gives only a naked legal title to the trustee, and vests the said Bernard W. Flanagan, not only with the beneficial use and enjoyment, but also the right to the legal title and the immediate possession of his portion of the estate. The intervener is entitled to a decree adjudging Bernard W. Flanagan the absolute owner in fee of his share of the property, and directing that his one-fourth interest in the attached property, subject to the life estate of the widow of testator, be sold to satisfy attachment and judgment.

The decree of the district court is reversed, the injunction dissolved, and the cause is remanded to the district court, with directions to enter a decree in accordance with this opinion, and order the sheriff to proceed in manner pro-

vided by law to have the attached property sold to satisfy intervener's attachment.

REVERSED.

Note—See Trusts, 39 Cyc. 57 n. 20, 219 n. 68, 222 n. 73, 237 n. 71; 25 R. C. L. pp. 356, 357; 3 R. C. L. 1419; 6 R. C. L. Supp. 1469.