SCHMID *v.* SCHMID ET AL.

(Decided March 22, 1930.)

Messrs. *George & Leasure,* for plaintiff in error.
Messrs. *Graham & Graham,* for defendants in
error.

SHERICK, J.   David Schmid, the ancestor and father of the plaintiff in error, August F. Schmid, who was the plaintiff below, died testate on the 24th day of July, 1922, seized in fee simple of a considerable amount of real and personal property.   He left surviving him his widow and one child, the plaintiff herein.   The defendant Daisy E. Schmid is the widow of a deceased son, Carl Schmid.   The plaintiff has four children and the deceased son Carl left two children.   These six grandchildren are legatees and devisees under the will and all are parties to this action.

The plaintiff claims that by the terms of the will he has a legal right to and is seized of a life estate of the undivided one-half of the real estate, and that he is now in possession of the property, and that he is also seized in fee simple, by virtue of a deed from his son, Karl D. Schmid, of an undivided one-eighth of the residuary interest or fee in the property.   The daughter-in-law, Daisy E. Schmid, has a life tenancy in the remaining undivided one-half of the property sought to be partitioned.   She consents to and asks that partition be made thereof if the property can be divided.   The four children of the plaintiff each received a one-eighth of the fee of the real estate. This includes the one-eighth given to the grandson, Karl D. Schmid, who conveyed his one-eighth thereof to his father, the plaintiff, on the 15th day of June, 1928.   The two children of Carl Schmid each received a one-fourth of the fee; one of whom is of legal age, the other being a minor.   The five adult grandchildren all consent that partition be made.

If there were no other facts pertaining to the title

except as claimed by the plaintiff, there would be little doubt that partition should be made of the property.

It further appears, however, that the Old Citizens' National Bank of Zanesville, Ohio, a defendant in error herein, was on April 9, 1927, appointed, and is now, the acting administrator *de bonis non,* with the will annexed, of the will of David Schmid. The bank as such administrator answers the petition and sets forth two defenses; the first of which is a general denial, which in fact is a special denial of the plaintiff's claimed right to possession of the premises, and the second of which alleges, and is substantiated by the proof, that it, as administrator aforesaid, previously commenced an action in the court of common pleas of Muskingum county to procure an interpretation of certain items of the will of David Schmid, to which all parties in interest herein were made parties and were properly before the court, which action thereafter found its way into this court.

The defendant bank further pleads that this court in the prior action construed certain provisions of the will in question, and in substance found that it was the intention of the testator that his estate should be kept intact during the life tenancies created thereby, and to that end this court determined that the plaintiff and the defendant Daisy E. Schmid each received under the terms of the will a qualified life estate. In other words, that they were entitled to the income from the premises, but not to the possession thereof; and the defendant bank, as administrator *de bonis non* with the will annexed, was ordered to take "charge, care, control and manage-

ment of the same, with the right to rent, lease or sell the same, and to invest and reinvest any and all money now in the possession of the administrator *de bonis non,* with the will annexed, that may hereafter come into its possession.'' It was further found and ordered, and herein alleged and proved, that the bank as administrator pay the one-half of the net income of the estate to the plaintiff, and in addition thereto the sum of $125 per month out of the *corpus* of the estate, and that at the death of the plaintiff, "all that may remain of his undivided one-half interest shall be divided share and share alike among the children (naming them), in fee simple, * * * the same to be paid to them after they attained their majority.'' A like finding and order was made with reference to the life estate of the defendant Daisy E. Schmid and her two children.

The defendant bank further says that it is in possession of the premises as such administrator, under the order of this court made in the prior case, and asks dismissal of the petition.

It is further proved that all parties in interest were satisfied with the interpretation of the will as then made by this court; at least, no action was prosecuted to reverse its holdings therein made, and such now stands as a final adjudication of that matter.

The plaintiff in error now charges that his demurrer to the answer of the defendant bank was improperly overruled, that the trial court's judgment on the merits of the present controversy was erroneous and contrary to law, and that partition should have been decreed.

The evidence of the grandson, Karl D. Schmid,

discloses that there was no consideration for the deed made by him to the plaintiff, his father, of the one-eighth interest in the fee, and it is apparent that this transfer was made for the sole purpose of placing the plaintiff, a life tenant, in possession of a deed to the one-eighth of the fee in order that he might be placed in a presumed position to demand partition of the premises. We hold the view that this is but a subterfuge to aid in the accomplishment of an end to which, in this instance, this court should not lend its aid or countenance.

If it was to be determined in this action that the plaintiff was unlawfully deprived of his right to partition by the findings of the court of common pleas, it would but lead us to commit error and injustice in two particulars.

In the first place, to so hold we must approve of a collateral attack upon the judgment of this court rendered in the prior action in construing the testator's will. It was settled therein that the plaintiff had a qualified and limited life estate in the premises; that he was not entitled to possession thereof, but was only to receive from the hand of the administrator bank the half of the annual net income of the estate. The matters determined in that action are now *res judicata,* and this court has no right in law, nor inclination, to disturb its judgment previously made in that case, for that matter has been judicially determined and is now in repose and not subject to collateral questioning.

In the case of *Lauer* v. *Green,* 99 Ohio St., 20, 121 N. E., 821, the court, in construing and interpreting the provisions of Section 12026, General Code, under and by virtue of which the plaintiff asked that parti-

tion be decreed, stated in the syllabus that, "The provisions of Section 12026, General Code, confer upon every tenant in common, having the possession or an immediate right to the possession of lands, the right to compel partition of the same." And the plaintiff in this instance, not having the possession or an immediate right to possession of the premises, which we hold to be essential to the right of partition, is not entitled to partition of the lands in this action.

In the second place if we were to adopt the views of the plaintiff, we would lend our sanction to a disregard of the plain intention of the testator's will, and purposely cause an express trust to fail by judicial act, without warrant or authority. It is the settled law of this state, and needs no citation of authorities, that courts will not disregard the plain and lawful intention of a testator, as expressed in his will. In this instance it was the intention of the testator to keep his property intact. His reason for so doing is no concern of this court. He had a perfect right, the result being lawful, to provide how and when the recipients of his bounty were to enjoy his gifts to them, and their chagrin at postponement of enjoyment of their legacy and devise cannot cause this court to accelerate and increase their estate. The law provides that the testator may make his own will, not that the court may do so; nor those who are the proper objects of his bounty. It is the duty of the court and all concerned to see to it that his lawful intention be carried out.

It is equally sound law that a court will not permit a trust to fail. That being true, it must follow that a court will not lend its aid to nullify the provisions

creating it, or purposely cause it to prematurely end. The language of the testator's will, and the construction previously placed upon it by this court, created an express trust. It must be left to expire by the accomplishment of its purpose.

We therefore reach the conclusion that the plaintiff's demurrer to the answer was properly overruled, that the judgment of the trial court in refusing partition was right, and that there is no error in the record of this proceeding prejudicial to the rights of the plaintiff in error. The judgment is therefore affirmed.

*Judgment affirmed.*

LEMERT, P. J., and ROBERTS, J. (of the Seventh Appellate District), concur.