## FRANCIS v ANTHONY et

Ohio Appeals, 5th Dist, Stark Co

Decided Feb 18, 1933

Paul J. Gnau, Canton, and B. J. Amer, Akron, for plaintiff in error.

George A. Hoover, Canal Fulton, J. S. Ake, and R. J. Van Nostran, Canton, for defendants in error.

LEMERT, J.

This error proceedings calls for a construction of Item 7 of said will. In looking to the will as a whole, we note that Item 2 of the will, the language of the testator, refers to the executor and not to James H.

Robertson. The three separate paragraphs in Item 7, with one exception, refer to the executor and not to James H. Robertson. From a careful study of the will before us we are inclined to believe that the name of James H. Robertson was inserted in paragraph 1 of Item 7 for the reason that the testator had in mind the naming of him as executor of his will, which he did by Item 8 thereof.

We are of the opinion that the language used by the testator in Item 7 of said will clearly and definitely created a trust estate of the real estate, and created it in the executor and not in James H. Robertson; that the title, both legal and equitable, to the real estate involved is held by the executor as trustee; that only the executor as trustee has any title therein and the real estate was to be held and disposed of by him, as in paragraph 3 of Item 7 of the will, wherein the testator specifically refers to "proceeds from sale of all my real estate" should be disturbed, and so forth.

As to whether or not the trust created by this will is personal or general, we are mindful of the holding of the Supreme Court of Ohio in the case of **Souers v Cyrenius, 39 Oh St, 29,** wherein the court held in substance that the title to the real estate devised is in the trustees, and is subject to the trust, and where one of the trustees named in the will died and another removed to a place unknown, the Probate Court had power to fill such vacancies, and to compare this case with the case of **Rogers v Rea, 98 Oh St, 315,** wherein it was decided that the trust created in the will involved was personal. The same proposition has been considered and decided in **72 Oh St, page 1,** and **109 Oh St, page 418.**

A trust estate will not fail for want of a trustee is an elementary proposition of law, and for that reason we will not enter into a lengthy discussion of the same. However, we cite **18 O.C.C., (N.S.), 176,** and **§10506-55 GC,** new Probate Code.

That an administrator de bonis non with the will annexed succeeds to the management of a trust is definitely decided in **Matthews v Meek, 23 Oh St, page 272.** The first and second paragraphs of the syllabus read as follows:

"As a general rule, the powers of an executor are co-extensive with all the trusts devolved upon him by the will, and all acts done by him in executing such trusts will be regarded as done in his capacity as executor, unless it plainly appears, from the whole will, that the testator intended to create a special trust to be managed by the person named as executor in the capacity of special trustee.

"J. bequeathed to his executors, in trust $10,000.00, to be put at interest by them for six years, and directed that at the expiration of that period the principal sum be appropriated by the 'executors' to the objects of the trust, and named P. and J. as the executors of the will. P. having declined the trust, J. alone qualified as executor, and managed the fund for the period named, and then paid the principal sum to a contractor for the purpose of applying and appropriating it as directed by the will, took a bond for the performance of the contract, and then resigned. Held, that his successor with the will annexed succeeded to the management of the trust, and the right to sue upon the bond for breaches thereof."

On the proposition of whether or not an administrator de bonis non with the will annexed succeeds to the management of a trust is discussed very nicely in **Ohio Jurisprudence, Vol 18, §790, page 786,** as follows:

"A successor with the will annexed has the right to continue in the management of a trust given to an executor to put a certain fund at interest and the carrying out of a contract as described in the will, and also to sue upon the bond of the contractor for breach of his obligation. The property of the estate must be sold by the administrator de bonis non and the proceeds applied for the benefit of legatees, after the payment of specific bequests, if it is so stipulated in the will."

This court, in deciding a very recent case involving the same proposition of law as is involved in the instant case, in the case of **Schmid v Schmid, 35 Oh Ap, page 526,** said as follows, quoting from paragraphs three to nine inclusive of the syllabus of the above case:

"3. Possession or immediate right to possession is essential to right of partition. (§12026, GC).

"4. Court will not disregard plain and lawful intention of the testator as expressed in will.

"5. Testator has right, result being lawful, to provide how and when recipients of bounty are to enjoy his gifts, and court cannot accelerate and increase their estate.

"6. It is the court's duty to see that testator's lawful intention be carried out.

"7. Court will not permit trust to fail.

"8. Court will not lend its aid to nullify provisions creating trust or purposely cause trust to end prematurely.

"9. Where will as construed by court created express, lawful trust, held, it must be left to expire by accomplishment of its purpose."

So, in construing the will in the instant case from its four corners, we reach the conclusion that the testator intended to create a general trust of the real estate in the executor and that the administrator de bonis non with the will annexed succeeded to this trust; that only the executor as such trustee has any title either legal or equitable in the real estate involved; that the language in Item 7 of said will is,

First,—A positive direction to sell, or

Second—An absolute necessity to sell in order to execute the will, or

Third—Such a blending of real and personal estate by the testator in said will as to clearly show that he intended to create a fund out of both real and personal estate, and to bequeath said fund as money.

Holding these views, we conclude therefrom that the legatees have no right to possession and therefore would have no right to partition. We therefore hold that the trial court, in refusing partition, was right and that there is no error in the record of this proceeding prejudicial to the rights of the plaintiff in error.

Judgment affirmed. Exceptions may be noted.

GARVER, PJ, and SHERICK, J, concur.