In THE MATTER OF THE ESTATE OF JOSEPH DADO, Deceased; JOSEPH AND JOHN DADO, Respondents, v. JOHN MAGUIRE, Executor, Appellant.

St. Louis Court of Appeals, October 26, 1897.

WILL: POSTPONEMENT OF LEGACY: CONSTRUCTION. A legatee who has an absolute vested interest in a fund, the payment of which is postponed, by the will devising the fund, to a period beyond his majority, may, on attaining his majority, obtain an order for its payment, notwithstanding such postponement.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*John A. Harrison* for appellant.

*James M. Sutherland* for respondents.

A legatee having a vested interest in a fund, the payment of which is deferred to a period beyond his majority, may, nevertheless, obtain an order for its payment on attaining twenty-one years. 2 Woerner on Adm. 995; *Rocke v. Rocke,* 9 Beav. 66; Williams on Exr's [7 Eng. Ed.], 1398; *Curtis v. Lukin,* 5 Beav. 147; *Young's Settlement,* 18 *Id.* 199; 14 Allen (Mass.), 239; *Randolph v. Randolph,* 40 N. J. Eq. 73, 78.

BLAND, P. J.—Joseph Dado died in December, 1893, testate. In January, 1894, his last will was duly probated in the probate court of St. Louis city, and the appellant, John Maguire, duly qualified as the executor of the will. The sixth clause of this will reads as follows:

"After the payments of the expenses of the administration of my estate and a reasonable compensation to my executor hereinafter named and the foregoing bequests, I give the entire residue of my estate and property to my three sons, Joseph, John and William Dado, share and share alike, but I desire and direct that my said executor hereinafter named shall hold and retain the said property hereby given to my said three sons with all of its accumulations until the year nineteen hundred, when he will distribute the same to them equally."

Joseph Dado left three (3) sons, Joseph, John and William Dado. The first two of whom some years ago attained their majorities, but the last named, Wil-

liam, is still a minor. The minor, William Dado, has a curator, who was duly notified of the proceedings in the case at bar. On October 24, 1896, Joseph and John Dado, two of the adult sons of the deceased, and who are two of the three persons mentioned in the sixth item of said will, filed the following motion in said probate court, in which said court said administration of the estate of Joseph Dado was then pending, to wit:

"In the probate court of the city of St. Louis, Missouri. In the matter of the estate of Jos. Dado, deceased.

"Now come Jos. Dado and John Dado, sons and two of the residuary legatees mentioned in the last will and testament of Jos. Dado, late of the city of St. Louis, Missouri, deceased, and asks this court for an order that John Maguire, the executor of said will, be ordered and directed to pay them, the said Jos. Dado and John Dado, the respective legacies coming to them, under the provisions of said will on the grounds among others:

"*First.* That said legacies are vested legacies, not subject to any trust save the protection thereof until the period named for payment, and applicants have long since attained their respective majorities.

"*Second.* That said applicants have a legal right to sell, assign and transfer same to any person who would purchase, and to save the expense and loss incident to such sale this order is asked.

"*Third.* The applicants are desirous of engaging in mercantile pursuits which necessitates the use of more capital than they now have, and do not wish to sustain the loss necessary and incident to a sale of such legacies.

"Dated this 24th day of October, 1896.

"JOSEPH DADO,
"JOHN DADO."

It is admitted that at the time of the filing of said motion there was, and still is, in the hands of the appellant, as executor of said will, at least the sum of one thousand ($1,000) dollars, exclusive of any interest coming to William Dado, the minor, and which sum the executor holds responsive to the sixth clause or item of said will.    In other words, there is at least the sum of one thousand ($1,000) dollars in the hands of John Maguire, as executor, with which to respond to the motion in the case at bar, provided the motion is well taken.

A trial was had in the probate court upon the aforesaid motion filed by respondents, Joseph and John Dado.    After judgment was rendered in said probate court an appeal was taken to the circuit court, city of St. Louis, where after a trial *de novo* the following judgment was rendered by said circuit court:

"Now, at this day, come Joseph Dado and John Dado, sons and two of the residuary legatees mentioned in the last will and testament of Joseph Dado, deceased, by their respective attorneys, and move the court for an order on John Maguire, executor of said will, to pay them, the said Joseph Dado and John Dado, the respective legacies coming to them under the provisions of said will and also comes John Maguire, executor as aforesaid, by his attorney, and the court having heard said motion and the evidence adduced, and being thereof fully advised, doth order that the said executor, John Maguire, pay to said Joseph Dado and John Dado, said residuary legatees, immediately five hundred dollars each on account of their legacies, and it is adjudged by the court that the balance of their legacies are payable on their demand as soon as the probate court of the city of St. Louis passes upon the final settlement.    It is further adjudged by the court that said executor pay the costs of this proceeding, and that

a copy of this order, together with the original papers in this cause, be certified to said probate court. From this judgment of the circuit court the executor Maguire duly appealed to this court."

The sole question presented for decision by this record is whether a legatee, on attaining his majority, who has a vested interest in a fund, the payment of which is postponed by the will devising the fund to a period beyond his majority, may, notwithstanding such postponement, obtain an order for its payment on attaining the age of twenty-one years. In such circumstances it is conceded that where the gift is absolute, as in this case, the legatee may sell or mortgage his interest on attaining twenty-one years of age. For this reason it has been held both in this country and in England that he is entitled to an order for the payment of the fund when he is twenty-one years of age and that the court will not subject him to the disadvantage of raising money by means of a sale or mortgage when the fund or thing is absolutely his own. 2 Woerner on American Law of Administration, 995; Williams on Executors [7 Eng. Ed.], 1398; *Rocke v. Rocke*, 9 Beav. 66; *Randolph v. Randolph*, 40 N. J. Eq. 73, 78. We have been cited to no authority to the contrary, and affirm the judgment. All concur.

*WILL: postponement of legacy: construction.*