PEUGNET, Appellant, v. BERTHOLD et al.

### Division One, June 20, 1904.

1. **WILL: No Disposition of Fee: Statute.** Where the will disposes of the estate for the life of testator's son, but makes no disposition of the fee, the fee is cast upon his heirs at once upon his death by the statute of descents and distributions.

2. ———: ———: **Life Estate to Trustee: Power of Sale: Fee by Inheritance: Merger.** The testator devised his property to a trustee for the sole use of his only son and child for life, and gave the trustee power to buy, sell, mortgage, invest, improve, and manage the property, and required him to give only the income to the son, and declared that at the son's death the trust should cease, but made no disposition of the fee, but gave the son power at his death to dispose of the property "by will or otherwise," making no provision for the disposition of the fee in default of the execution of this power by the son. `Held, first, that at the testator's death the fee vested in the son, by the statute of descents and distributions; second, that the testator could not qualify with a power this estate by inheritance which he did not himself create; and, third, the fee being vested in the son by the statute, the life estate to the son merged into the greater estate in fee which the law cast upon the son, and the trust should be discharged.`

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough*, Judge.

REVERSED AND REMANDED (*with directions*).

*Fred Wislizenus* for appellant.

(1) If there is only one beneficiary to a trust, he can extinguish the trust at any time in his discretion. Underhill on Trusts (Am. Ed.), p. 370, art. 57; Dado v. Maguire, 71 Mo. App. 642; Sears v. Choate, 146 Mass. 195; Huber v. Donoghue, 49 N. J. Eq. 129. (2) The donee of a power in gross attendant on his life estate can extinguish it at any time. Atkinson v. Dowling, 33

S. C. 414; Grosvenor v. Bowman, 15 R. I. 649; 7 Am.
and Eng. Ency. Law 995. (3) The donee of a power in
gross attendant on a life estate, can exercise the power,
or forego its exercise for the enlargement of his estate.
Grange v. Tiving, Bridgman 114; Sugden on Powers,
*44; Sanders on Uses (2 Am. Ed), *183; Penne v. Pea-
cock, Ca. T. Tal. 41; West v. Berney, 1 R. & M. 431;
Farwell on Powers, p. 14; Chance on Powers, sec. 3154;
Smith v. Death, 5 Madd. 227; King v. Melling, 1 Ventr.
225; Beckley v. Guest, 1 R. & M. 440. (4) The testator's
legal intention will be carried out, even though the result
varies from what the testator may have expected. Har-
bison v. Swan, 58 Mo. 147; Farrar v. Christy, 24 Mo.
453; Dado v. Maguire, 71 Mo. App. 642; Sears v. Choate,
146 Mass. 395.

*Kehr & Tittmann* for respondents.

VALLIANT, J.—This is a suit in equity to dis-
charge a trust created by the will of plaintiff's father,
relating to property devised to a trustee for plaintiff's
use. Armand Peugnet, the plaintiff's father, a resident
of St. Louis and owner of real estate in St. Louis and
New York, died in 1894, leaving a will which has been
duly probated. The estate has, under the will, been
fully administered, and final settlement and distribution
made in the probate court in 1897. The only thing re-
maining to be done, according to the plaintiff's petition,
is to turn over to him his share of the property that
came to him under the third clause of the will and by
inheritance as the sole heir of his father. The testator
left surviving him his widow Virginia S. Peugnet and
the plaintiff, his only child.

The will contained the following clauses which are
all of it that bear on this case:

"Second. I recognize that I have but one child, a
son named Maurice B. Peugnet, and to that said child
I give and bequeath one-half of my entire estate, real,

personal or mixed and of every kind and to hold in such manner as he deems best.

"Third. The remaining one-half of said estate I give and bequeath to John B. Sarpy Berthold, as trustee without bond, for my son Maurice and for the sole use and benefit of said son and at death of said son this trust shall cease.

"Fourth. The said trustee shall have full power to buy, sell, mortgage, invest, improve and manage, all of the said one-half interest or proceeds thereof held in trust during the life of said Maurice B. Peugnet.

"Fifth. It being my intention that only the income derived from said one-half interest held in trust be paid over to my son Maurice, by said trustee, as said trustee may think proper.

"Sixth. My said son Maurice is to have the power to dispose of at his death, by will or otherwise, of the entire one-half interest held by said trustee or his successors.

"Seventh. In the event of the death or disability of said trustee I direct that a successor shall be appointed by the circuit court of the city of St. Louis, in accordance with the statutes in such cases provided."

The testator's widow has conveyed to the plaintiff, her son, all her interest in the property in St. Louis in question. The trustee, the widow, and the plaintiff's children, all of whom are minors, are the defendants. The prayer of the petition is that the plaintiff be allowed to release the power, and that the trust be discharged.

The answer of the widow admits the truth of all the statements in the petition and disclaims all right to the property named, except her dower right to the New York property, which the plaintiff does not question. The answer of the trustee admits the truth of all the statements in the petition. The children answer by their guardian *ad litem* that they are too young to be ad-

vised of their rights in the premises and pray the court to protect their interests.

At the hearing the foregoing facts were proven by the plaintiff; the defendants introduced no evidence. The court rendered judgment for the defendants dismissing the plaintiff's bill. The plaintiff appeals.

This court has often said that in construing a will and adjudging the rights of parties growing out of it the intention of the testator as derived from the will itself must govern. So our statute declares and so we would have to declare in obedience to the common law if there were no statute on the subject. So unqualified is this rule of construction that we are unwilling to say that it yields to any exception. But we make no exception to the rule when we say that the testator's intention appearing on the face of the will can not be carried out if it is contrary to law, for example, if the will gives an estate in fee to a devisee, but imposes the condition that it shall never be subject to execution for his debts, or if it attempts to limit an estate in violation of the rule against perpetuities. Though we may gather from the face of the will that the testator had a certain purpose in view, yet, unless he has expressed that purpose in terms that the court can enforce without violation of established principles of law, the testator's intention can not be carried out. [Harbison v. Swan, 58 Mo. 147.]

The testator devised this property to the trustee for the sole use of his son for life, and declared that at his son's death the trust should cease. The trustee was empowered "to buy, sell, mortgage, invest, improve and manage" the property and was to give only the income to the testator's son. Thus having carved out a particular interest in the estate for the benefit of his son, limited in duration to the life of the son, and having given the son the power at his death to dispose of the property "by will or otherwise," the testator leaves the fee, in default of execution of the power, to go as the statute of descents directs. The consequence was that

on the death of the testator the plaintiff, his only heir, took by inheritance the remainder in fee, and that estate is now vested in him subject (if it is a subjection) only to the power of disposal given him by the will.    If, therefore, we should be satisfied that the testator's real intention was that his son was to have no other interest in the property devised to the trustee except the income of it for life and the power to dispose of it at his death, we could not give effect to that intention because the testator omitted to say in his will what should become of the remainder in fee in the event there should be no execution of the power.    The law supplies that omission and casts the descent immediately on the heir.

If the testator had said in so many words, "I give my son this land for and during the period of his natural life and I will that he shall have no further interest in it," still if he made no disposition of the fee, the son, his only heir, would take it by descent in spite of what was said in the will.

The learned trial judge was of the opinion that the power of disposition given by the will, interposed between the life estate and the remainder in fee, and so qualified the fee that the heir took it subject to the power, and that the plaintiff, as donee of the power, could not exercise it to increase his own estate.    Atkinson v. Dowling, 33 S. C. 414, is referred to as authority for that proposition.    We do not understand the opinion of the Supreme Court of South Carolina in that case as announcing that doctrine, but even if it does it applies to the facts of that case and not to the facts of this case. There the donee of the power had only a life estate. Here the plaintiff has the life estate by will and the fee by inheritance.    What larger estate can he have?    The will gives him the power to dispose of the fee only at his death, but by right of inheritance it is his to dispose of now.

The idea, however, is that this power so dominates

the fee that if the plaintiff should convey it now by deed the grantee would take it subject to the disposition the plaintiff as donee of the power might make of it by will. This brings us to the consideration of the question, what is the legal effect of the power when held by the owner of the fee?

Kent says: "It has also been a question of much discussion, and of some alteration of opinion, whether a power was not merged or absorbed in the fee, in the case of an estate limited to such uses as A should appoint, *and in default of appointment, to himself in fee."* The learned commentator then says that according to good sense and reason the power would merge, but he adds: "But the weight of authority is decidedly in favor of the conclusion that the power is not extinguished, and may well subsist with and qualify the fee." [4 Kent (8 Ed.), p. 367.] Notes to the text refer to Sugden on Powers where the rule is so stated. We do not understand the authorities referred to as going further than to say that the power is not merged in the fee in case where by the same instrument which gives the power it is provided that in case the donee fail to exercise it the fee shall go to himself. In such case the fee comes with the power and is a consequence of its non-execution. That is not the case at bar. Here the plaintiff does not derive the fee by the will along with the power and subject to it, but he takes it independent of the will and independent of the power. It is what the law-writers call a collateral or gross power and is aimed to affect, not the estate given the donee in the will, but the estate that is not given him; if the fee had also been disposed of by the will to another person, then it would be subject to the power; and, according to the English rule, in which the great American commentator above quoted says he can see no good sense (and he went deeper into the subject than the facts of this case require us to go), even if the will had given the fee to the plaintiff in default of execution of the power the fee would still be

subject to the power.  When a testator devises an estate he may by the same will qualify it by a collateral power, but he can not so qualify an estate which he does not himself create.  The fee in this property was in the testator and subject to his deed while he lived and to his will at his death, but after his death, he not having disposed of it by deed or will, the law took hold of it and gave it to the plaintiff without condition or qualification, other than the demands of administration.

The property affected by this trust is now subject to be sold by the plaintiff or to be sold by the sheriff on execution on a judgment against him, if there were such a judgment.  He could not under the power given him in the will of his father, by his own will at his death, defeat a deed he might now make or that the sheriff might make for him.

It is contrary to the spirit of our law to hinder a person *sui juris* in the management of property that is altogether his own.  [Dado v. Maguire, 71 Mo. App. 642; Underhill on Trusts (Am. Ed.), p. 370, art. 57 and notes; Sears v. Choate, 146 Mass. 395; Grosvenor v. Bowen, 15 R. I. 549.]

The judgment is reversed and the cause remanded to the circuit court with directions to enter a decree in conformity with the prayer of the petition.

All concur.