H. A. HAMILTON, TRUSTEE UNDER THE LAST WILL OF GEORGE R. ROBINSON, DECEASED, (PLAINTIFF) RESPONDENT, v. SPENCER ROBINSON, RICHARD ROBINSON, ROWAN ROBINSON, AND ANNE ROBINSON GRAY, (DEFENDANTS), SPENCER ROBINSON, APPELLANT.—151 S. W. (2d) 504.

St. Louis Court of Appeals. Opinion filed June 3, 1941.

Motion for rehearing denied June 17, 1941.

*Robert A. Hamilton* for appellant.

*Charles F. Hamilton* for respondent.

ANDERSON, J.—H. A. Hamilton, Trustee under the last will and testament of George R. Robinson, deceased, brought this suit to secure a judicial construction of portions of said will.

The sixth subdivision of the will read as follows:

"I give and bequeath unto my wife, Elsie H. Robinson, and to my friends, Louis F. Booth and H. A. Hamilton, the sum of forty thousand dollars ($40,000) as trustees. To have and to hold the same and all earnings, income and increase thereof unto the said trustees, and to their successors in this trust.

"In trust, however, for the use, benefit and enjoyment of my son, Spencer Robinson. Upon the conditions and uses following, that is to say; to invest in solvent securities, and to hold, manage and control said property; to sell, invest and reinvest and to collect and receive all dividends, earnings and income arising out of the same, and to use such part of the income as may, in their judgment be necessary for the proper support, education and maintenance of my son, Spencer Robinson, until he reaches the age of twenty-one (21) years, at which time the said trustees shall pay to my said son, Spencer Robinson, the sum of five thousand dollars ($5,000).

"After my said son, Spencer Robinson, reaches the age of twenty-one (21) years, the entire income of the trust estate hereby created shall be paid to my said son, Spencer Robinson, until he reaches the age of twenty-eight (28) years, at which time the principal of the trust estate, and all accumulations thereto, shall be transferred and assigned to him by the trustees, and thereafter he shall own and control the same absolutely."

By the terms of the seventeenth subdivision of said will, the residue of the estate was bequeathed and devised to Anne Robinson Gray, Richard Robinson, Rowan Robinson, and Spencer Robinson, children of the testator, in equal shares.

The said will was duly probated in the Probate Court of St. Louis County, Missouri. Thereafter, all of the debts of said estate were duly paid, all of the legacies provided for in said will were duly discharged, and all of the assets of said estate were duly distributed, transferred, and delivered to the parties entitled thereto as provided by said will. The executors made settlements as required by law, and on the 19th day of September, 1930, administration of said estate having been completed, the executors were duly discharged and administration closed by an order and judgment of the probate court.

Elsie H. Robinson, Louis F. Booth, and H. A. Hamilton, as trustees for Spencer Robinson, under the terms and provisions of the sixth subdivision of said will, came into possession of personal property having a then value of $40,000, and the said trustees thereafter duly administered the trust as provided in said will. At the time Spencer Robinson reached the age of twenty-one years, to-wit, on August 24, 1936, the trustees transferred and distributed to him personal property of the value of $5000, and thereafter continued to administer said trust and paid the income arising therefrom to Spencer Robinson.

On October 17, 1939, Elsie H. Robinson and Louis F. Booth resigned as trustees, and since said date respondent has been the sole trustee of said trust estate.

On the date of the trial below, November 17, 1939, Spencer Robinson was 24 years of age. He had asserted his claim in his answer, namely, that he was entitled to an immediate transfer, even though he had not reached the age specified in the will as the time for the transfer to him of the *corpus* of the estate, because under the terms of the will he had an absolute vested and indefeasible interest and title to the *corpus* of said estate. The prayer of his answer joined in the prayer of plaintiff trustee that the court enter its decree construing the will, determining the nature and quality of his interest in the trust estate, and determining whether the trust had terminated. The prayer also asked for general relief.

The defendants, Richard Robinson, Rowan Robinson, and Anne Robinson Gray, by their answer, admitted all of the allegations contained in plaintiff's petition, and joined in the prayer of the plaintiff trustee that the court enter its decree construing the will and determining the nature and quality of the interests of the parties defendant in and to said trust estate.

The cause came on for hearing on November 17, 1939, and thereafter the court entered of record the following decree:

"1. That the resignation of Elsie H. Robinson and Louis F. Booth was valid, and that since the 17th day of October, 1939, the plaintiff, H. A. Hamilton, has been and now is the sole trustee of the aforesaid trust created for Spencer Robinson.

"2. That Spencer Robinson has an absolute, vested and indefeasible right, title and interest in and to the *corpus* of the trust estate created by the sixth clause of the will of George R. Robinson, deceased, subject to the trust defined in said clause; that Spencer Robinson is now entitled to the income of said trust estate and will be so entitled until he attains the age of twenty-eight years, at which time the corpus of the trust estate, and all accumulations thereto, shall be transferred and assigned to him by the trustee, H. A. Hamilton; that there after the said Spencer Robinson shall own and control the same absolutely; that, in the event of the death of said Spencer Robinson before attaining the age of twenty-eight years, his interest in said trust estate will pass under the terms of his last will and testament, or, if he dies intestate, his interest in said trust estate will pass to his heirs, according to law.

"3. That the trust created by the sixth clause of the will of George R. Robinson, deceased, is an active trust; that it is the duty of the trustee of said trust estate to administer said trust according to the terms thereof; that the trustee of said trust estate has no right or power to transfer any of the *corpus* of said trust estate to Spencer

Robinson until the said Spencer Robinson attains the age of twenty-eight years.

"4. That the residuary legatees, other than Spencer Robinson, namely, Richard Robinson, Rowan Robinson and Anne Robinson Gray, have no right, title or interest in or to the trust estate created by the sixth clause of the will of George R. Robinson, deceased.

"5. That the costs incurred in this action shall be taxed against the trust fund here in question."

From this decree Spencer Robinson has appealed.

Appellant, for his assignment of error, states that the trial court erred in finding, adjudging and decreeing that the trust created by the sixth subdivision of the last will and testament of George R. Robinson, deceased, is valid and enforceable, and that it had no legal power to direct the trustee to transfer and deliver the *corpus* of the trust estate to the beneficiary, Spencer Robinson.

The question here presented has been before the appellate courts of Missouri several times, the first case being Dado v. Maguire, 71 Mo. App. 641, a decision by this court. In that case the testator left his entire residuary estate to his three sons, but directed his executor to "hold and retain the said property . . . with all of its accumulations until the year nineteen hundred, when he will distribute the same to them equally." Two of the sons, after they became of age, and three years prior to nineteen hundred, filed their motion in the probate court, requesting an order of the court directing said executor to pay to them the respective legacies bequeathed to them under the will. Their motion alleged as grounds for the relief: "First. That said legacies are vested legacies, not subject to any trust save the protection thereof until the period named for payment, and applicants have long since attained their respective majorities. Second. That said applicants have a legal right to sell, assign and transfer same to any person who would purchase, and to save the expense and loss incident to such sale this order is asked. Third. The applicants are desirous of engaging in mercantile pursuits which necessitate the use of more capital then they now have, and do not wish to sustain the loss necessary and incident to a sale of such legacies.". A decision was had in the probate court, and then a hearing was had in the circuit court, which resulted in a judgment in favor of movants. Upon appeal to this court the judgment was affirmed. BLAND, J., who wrote the court's opinion, said:

"The sole question presented for decision by this record is whether a legatee, on attaining his majority, who has a vested interest in a fund, the payment of which is postponed by the will devising the fund to a period beyond his majority, may, notwithstanding such postponement, obtain an order for its payment on attaining the age of twenty-one years. In such circumstances it is conceded that where the gift is absolute, as in this case, the legatee may sell or mortgage

his interest on attaining twenty-one years of age. For this reason it has been held both in this country and in England that he is entitled to an order for the payment of the fund when he is twenty-one years of age and that the court will not subject him to the disadvantage of raising money by means of a sale or mortgage when the fund or thing is absolutely his own."

The foregoing case follows the English rule announced in Saunders v. Vautier, 49 Eng. Reprint, 282, 4 Beaven 115, and Curtis v. Lukin, 49 Eng. Reprint, 533, 5 Beav. 147. The reason for the rule there adopted, and followed by this court, is stated in the opinion in the latter case, of Lord LANGDALE, Master of the Rolls, as follows:

"It has frequently happened in this Court, that a testator has given to an individual an absolute vested interest in a defined fund, so that, according to the ordinary rule of law, he would have a power, of his own authority, to receive or dispose of it immediately on his attaining legal age; but having given such a vested interest, the testator has, nevertheless, postponed the time of giving him possession, till a period subsequent to the legatee's attaining twenty-one, although in such cases, the party having attained the age of twenty-one cannot, according to the direct intention of the will, obtain possession, yet he has everything but possession; he has the legal power of disposing of it, he may sell, charge, or assign it, for he has an absolute, indefeasible interest in a thing defined and certain; the Court, therefore, has thought fit (I don't know whether satisfactorily or not), to say, that since the legatee has such the legal right and power over the property, and can deal with it as he pleases, it will not subject him to the disadvantage of raising money by selling or charging his interest, when the thing is his own, at this very moment. The Court has, in such cases, ordered payment on his attaining twenty-one."

The next Missouri case in which the question was passed upon is Rector v. Dalby (1903), 98 Mo. App. 189, 71 S. W. 1078, a decision of the Kansas City Court of Appeals. In that case, the plaintiff, Cora Rector, a legatee under the will of Cora Thompson, brought an action in equity against John N. Dalby, trustee, and the residuary legatees under the will of Cora Thompson, to compel the trustee to pay to plaintiff the legacy which he was holding as trustee for plaintiff, until she should reach the age of thirty years as provided in the will.

In said will the testator bequeathed to plaintiff the sum of three thousand dollars, and directed that the executor, John N. Dalby, keep and manage the same for plaintiff until she attained the age of thirty years, and that he pay her the interest earned thereon until that date, and that upon her reaching the age of thirty years he pay the principal to her. After his discharge as executor, the said Dalby assumed the duties of a trustee for plaintiff, as directed by the will. This suit was brought after plaintiff reached her majority, and prior to her attaining the age of thirty years. The court held in her favor,

citing Saunders v. Vautier, *supra*, and our decision in Dado. v. Maguire, *supra*.

The next case bearing upon the question is Peugnet v. Berthold, 183 Mo. 61, 81 S. W. 874, decided by Division One of the Supreme Court, June 20, 1904. In that case the testator devised and bequeathed one-half of his estate to his only child, Maurice Peugnet. The remaining one-half was devised and bequeathed to one Berthold, as trustee for the sole use and benefit of said Maurice Peugnet, with full power to buy, sell, mortgage, invest, improve and manage, all of the one-half interest held in trust during the lifetime of Maurice. Upon the death of Maurice the trust was to terminate, but no disposition of the remainder was made by the will, except that Maurice was given power to dispose of same by will. The will also provided that only the income derived from the trust estate was to be paid to the son, as the trustee should think proper. After the death of the testator, the son, being *sui juris*, brought a suit in equity to discharge the trust. The court held that the testator died intestate as to the remainder in and to the one-half of the estate in which the life estate was created, and that Maurice, being the only heir, took the remainder in fee by inheritance. The court then held:

"The property affected by this trust is now subject to be sold by the plaintiff or to be sold by the sheriff on execution on a judgment against him, if there were such a judgment. He could not under the power given him in the will of his father, by his own will at his death, defeat a deed he might now make or that the sheriff might make for him.

"It is contrary to the spirit of our law to hinder a person *sui juris* in the management of property that is altogether his own. [Dado v. Maguire, 71 Mo. App. 642; Underhill on Trusts (Am. Ed.), p. 370, art. 57, and notes; Sears v. Choate, 146 Mass. 395; Grosvenor v. Bowen, 15 R. I. 549.]"

Under the doctrine announced in the foregoing cases, we would be compelled to sustain appellant's contention and reverse the judgment of the trial court in this case. However, we believe that said cases no longer announce the law of this State, in view of the ruling of the Supreme Court in the recent case of Evans v. Rankin, 329 Mo. 411, 44 S. W. (2d) 644. In that suit Evah Evans brought an action to determine title to, and to remove a cloud from the title of, real estate disposed of by the will of her mother, Letha Evans. The will provided as follows:

"3. I will, devise and bequeath to George F. Mansur all the residue of my estate and effects, both real and personal, in trust for my daughter, Evah Evans, during her natural lifetime and after her death then one-half (½) of said estate to go absolutely to the heirs of Lorenzo D. Evans, and one-half (½) of said estate to go absolutely to my heirs; said trustee is hereby given absolute right, power and

authority to invest, manage and control said trust estate and with absolute discretion from time to time during the life of my daughter, Evah Evans, to pay all or any part of the income of said trust estate, and the investments thereof, or if he shall from time to time think fit, any part of the capital thereof, unto my said daughter; or at his absolute discretion to apply the same for the maintenance or personal support of my said daughter in such proportions and in such manner as my trustee in his absolute discretion shall from time to time think proper.''

Evah Evans was the only daughter of Letha Evans, the testatrix, and Lorenzo D. Evans. The latter died about six years prior to the death of testatrix. Letha Evans had four brothers, who were living at the time of her death.

Plaintiff contended that she was the only child and sole heir of both Lorenzo D. Evans and Letha Evans, and that as such she took, by the will, both the beneficial interest in the trust estate and the remainder in fee, to the exclusion of the brothers of Letha Evans. She alleged that the entire beneficial interest in the property vested in her; that, therefore, she became the owner of the property absolutely in fee, and that the part of the will creating the trust created a cloud upon her title to the property, which diminished its market value. She asked the court to cancel and discharge the trust contained in the will and construe the will that plaintiff was the owner in fee simple of the land; that defendants had no interest in it; and to remove the cloud, which that part of the will made on plaintiff's title.

The trustee, the brothers of testatrix, and one of the descendants of a deceased sister of Lorenzo D. Evans, as defendants filed an answer, in which they alleged that the word ''heirs,'' as used in the will, meant those persons who would constitute the heirs and inherit under the law from said Letha Evans and said Lorenzo D. Evans at the death of plaintiff, Evah Evans, and should not be construed to mean or include the said Evah Evans.

The lower court granted the relief prayed for by plaintiff, and the defendants appealed. The Supreme Court reversed the judgment, holding that the trust was valid and should be enforced, even though the title to the remainder was vested in the plaintiff.

The court distinguished the case from its previous ruling in Peugnet v. Berthold, *supra,* on the ground that in the latter case the instrument which created the trust failed to dispose of the remainder in fee, while in the case there under consideration the will did dispose of the remainder in fee to the heirs of Lorenzo D. Evans and the heirs of testatrix, who happened to be the plaintiff, to whom was given the equitable life estate. The court then said:

''Plaintiff's mother crested the trust for plaintiff's life by the same instrument, even by the same paragraph, by which she provided for her to take the remainder in fee. She must have as clearly intended

the land to be held in trust during plaintiff's lifetime as she did that plaintiff take the remainder, because the trust could not take effect unless plaintiff did outlive her, and, likewise, plaintiff could only take the remainder if she outlived her mother. So the same conditions were necessary to make the trust come into existence that were necessary to give plaintiff the remainder. We certainly, then, cannot escape the conclusion that, if plaintiff's mother intended that plaintiff take the remainder, that she intended that plaintiff take it subject to the trust.

.  .  .  .  .

"The testatrix clearly manifested her intention to have the property controlled and the proceeds spent by someone other than plaintiff. She, no doubt, had a good reason for doing so, but, at any rate, it was her property, and she had a right to do so. In speaking of a provision in a will, which those taking under the will sought to avoid, this court once said: 'He (testator) preferred his own judgment in that matter to theirs (devisees). The property was his and he had a right to do with it as he pleased, and those who take of his bounty must take it on the terms he imposes.' [Stewart v. Jones, 219 Mo. 614, 1. c. 637, 118 S. W. 1.] In another case, it said: 'He preferred that a trustee of his own naming should husband his property, and see that his daughter got the profits thereof, from the hands of that trustee, to the day of her death. The desire of the old man as expressed in his will should be executed, and equity will not interfere with the carrying out of his plain desire.' [Dwyer v. St. Louis Union Trust Co., 186 Mo. 1. c. 489.]''

Appellant contends that the court in the Evans case based its ruling upon the fact that the trustee therein was vested with power to dispose of the property, a power which does not exist in the case at bar; that it was the existence of this power of disposition which the court ruled made it impossible to terminate the trust. We do not so construe the opinion. It is true that the opinion does mention the existence of this power, but as we read the opinion, it is mentioned for the purpose of throwing light upon the testatrix's intention, as strong evidence of testatrix's intent that the remainder should be subject to the trust. On that point the court said:

"Mrs. Evans' will give the trustee the power, in his absolute discretion, to terminate the trust during plaintiff's life, by paying to her all of the capital thereof, or by using it all for her maintenance. But we do not think the fact that the trustee can terminate it before plaintiff's death would, under the above authorities, defeat it. It would rather seem to be strong evidence of Mrs. Evans' intent that the remainder should be subject to the trust. . . . In this case, the plaintiff has no right to the *corpus*, during her lifetime, but it is within the absolute discretion of the trustee whether any of it is ever used for her or paid to her. Furthermore, this power, which the

trustee has, makes it possible that the remainder will be defeated by his use of the *corpus* for plaintiff's maintenance. The testatrix clearly manifested her intention to have the property controlled and the proceeds spent by someone other than plaintiff.''

It seems to us, therefore, that the true basis of the decision was not the discretion given the trustee in that case to terminate the trust, but a desire to give effect to the intention of the testatrix, which the court found to be that the remainder in fee should be subject to the trust. The case, therefore, in our opinion, stands for the proposition that, where it appears that it was the intent of the testator that property given to another should be subject to a trust, the court will give effect to that intent. The distinction sought to be made by appellant is not valid, because in all the cases cited, including the Evans case, the beneficiaries had the whole beneficial interest in their respective trust funds, to the complete exclusion of any other person or persons. The fact that the trustee in the Evans case had the power to terminate the trust does not alter the fact that Evah Evans had the whole beneficial interest. The fact that the trustee was given more powers in the Evans case is relevant only upon the question of intent, and the absence of like powers in the trustee in the case at bar does not compel a different result where the intent to postpone full enjoyment of the property clearly appears from the instrument.

The language in the will here under consideration is clear, and the meaning thereof can admit of no dispute. The testator expressly directed that Spencer Robinson was to receive $5000 when he attained the age of twenty-one years; that he was then to receive the income from the balance of the trust *corpus* until he attained the age of twenty-eight years; that upon his completing his twenty-eighth year he was to receive the *corpus* of the trust fund. It cannot be questioned that a termination of the trust at this time would thwart the wish and intention of the testator.

We believe that the Supreme Court in the Evans case has disapproved of the doctrine announced by this court in Dado v. Maguire, *supra,* and that the same is no longer a valid precedent. The same is true of the case of Rector v. Dalby, *supra,* decided by the Kansas City Court of Appeals. The court has not expressly overruled any part of Peugnet v. Berthold, *supra,* but has distinguished the case. It is suggested that the court has *sub silentio* overruled that part of the opinion in the Paugnet case which declares a trust such as here in controvery invalid because of reasons of public policy. However, it is not necessary for us to speculate on the effect of the Evans opinion on any part of the Peugnet opinion, except to say that by reason of the Evans opinion the rule announced in the Peugnet opinion can only be applied, if at all, where it is not shown that the testator intended that the beneficiary take the remainder in fee subject to the trust estate.

The same features which distinguish the Evans case from the Peugnet case exist in the case at bar. The Peugnet case, therefore is not controlling. We believe that the Evans case rules the case at bar, and compels us to hold that the trust created by the sixth subdivision of the will of George R. Robinson, deceased, is valid and enforceable. It follows, therefore, that the judgment of the trial court must be affirmed. It is so ordered. *Hughes, P. J.*, and *McCullen, J.*, concur.