KILJAN, A. K. A. ELISABETA KILLIAN EGRI, ET AL., *v.* HOOVER, TRUSTEE, ET AL.

[Cite as Kiljan v. Hoover, Trustee, 9 Ohio Misc. 36.]

(No. 2505—Decided April 6, 1965.)

Probate Court of Hamilton County.

*Mr. Norman Francis Hoover*, Trustee of the Estate of Elis Weidner, a. k. a. Elsi Weidner, deceased.
*Mr. John R. Vintilla*, for plaintiffs.

*Mr. Edward J. Dempsey*, for St. Joseph's Orphanage of Cincinnati.

*Mr. David B. Wood*, for St. Mary's Hospital of Cincinnati.

DAVIES, J. This matter came before the court upon the petition of Elizabeth Kiljan, a. k. a. Elisabeta Kilian Egri, Barbara Shuts, a. k. a. Barbara Shuts Judik, and Rosie Messaros, a. k. a. Rozalia Meszaros, nee Schutz, as plaintiffs, against Norman Francis Hoover, St. Mary's Hospital of Cincinnati, Ohio, and St. Joseph's Orphanage of Cincinnati, Ohio, as defendants, to construe the will of Elsi Weidner, a. k. a. Elis Weidner, whose estate is being administered in the Probate Court of Hamilton County, Ohio. The testatrix died on February 28, 1956, a resident of said county.

The evidence discloses that at the time of the execution of the testatrix's will and at all times subsequent thereto, the plaintiffs were, and still are, residents of Rumania and Hungary.

The plaintiffs contend that they are entitled to immediate distribution of decedent's estate because, they argue, the trust created by the language in the will was merely a method and/or device relied upon by the testatrix to ensure the transfer of the funds of said legacies to the plaintiffs, and to safeguard their receipt against confiscation or seizure by the government in Rumania, and that this possibility no longer exists.

The cardinal rule of interpretation of a will is to ascertain and give effect to the intention of the testator. 56 Ohio Jurisprudence 2d, Section 519, page 46.

The court has reviewed the evidence, studied the briefs submitted by counsel, considered the applicable law, and has carefully read the testatrix's will. In clearly stated language the testatrix has created a trust with Norman Francis Hoover as trustee, who is required to hold, manage, and control the trust estate in accordance with the provisions outlined in the will. Under the terms of the will the trust shall continue for twenty years from the date of the decedent's death, at which future date, if the decedent's two named grandchildren and her great-grandchild shall not all have come to the United States of America to live, then said trust shall terminate and the trustee shall distribute the corpus of the trust estate to said two grandchil-

dren and great-grandchild, share and share alike, if they be living at that time. If any of said beneficiaries shall not be living twenty years after the decedent's death, then said deceased grandchild or great-grandchild's share of the trust corpus shall be distributed to the survivor or survivors, and if none of said grandchildren or great-grandchild are living twenty years after the date of the decedent's death, then the corpus of the trust estate shall be divided equally between St. Mary's Hospital of Cincinnati, Ohio, and St. Joseph's Orphanage of Cincinnati Ohio.

Under the terms of said trust, the testatrix further provided that if either of her two grandchildren or her great-grandchild should come to the United States of America to live before the time of the expiration of the trust, the trustee was directed to pay to said grandchild, grandchildren, or great-grandchild, so living in the United States of America, one-third of the net income from the trust, with at least one payment being made annually, and that when all of the said grandchildren and great-grandchild have come to the United States of America to live, then the trust should end and the trust estate be divided equally among said grandchildren and great-grandchild. Other provisions of the will set forth exactly what additional procedures are to be followed by the trustee in the administration of the trust.

Since the testatrix has detailed in her will what distribution of income is to be made from the trust estate, has clearly lined the times and conditions under which principal distributions are to be made from the trust, and has carefully specified the events which shall determine the termination of the trust, the court must hold that it was not her intention to terminate the trust estate until those events materialized.