W. Gansel BENNETT, Paul L. Bennett, Aubrey (Tobe) Bennett, and Lois Jeanne Bennett, Appellants,

v.

TOWER GROVE BANK AND TRUST COMPANY, Roselle M. Bennett, Co-Executors of the Estate of Foster L. Bennett, Deceased, and Tower Grove Bank and Trust Company, Trustee Under the Will of Foster L. Bennett, Deceased, Respondents.

No. 53748.

Supreme Court of Missouri, Division No. 1.

Dec. 9, 1968.

Robert L. Schneider and Anthony M. Gioia, Crowe, Schneider, Gioia & Litz, St. Louis, for appellants.

William M. Van Cleve, Edward T. Foote, St. Louis, for respondents; Bryan, Cave, McPheeters & McRoberts, St. Louis, of counsel.

WELBORN, Commissioner.

Action to terminate a testamentary trust for the reason that the life beneficiary transferred her interest in the trust to the remaindermen. The court below refused to decree termination and the remaindermen and life tenant appeal.

This case was submitted on an agreed statement of facts, showing the following:

Foster L. Bennett died July 1, 1966 and left surviving him, his wife, Roselle M. Bennett, a daughter, Lois Jeanne Bennett, and three nephews, W. Gansel Bennett, Paul L. Bennett and Aubrey (Tobe) Bennett.

Bennett's Last Will and Testament, dated November 7, 1961, was duly admitted to probate by the St. Louis Probate Court and Tower Grove Bank and Trust Company and Roselle M. Bennett were appointed co-executors of the estate. Administration of it is still pending in the probate court.

Under Article 4 of the will real estate in St. Francois County was given to Roselle M. Bennett and Lois Jeanne Bennett in trust to be considered a part of the trust estate. Under Article 6 of the will all of the residue of the estate is given to the Tower Grove Bank and Trust Company in trust. Tower Grove Bank and Trust Company as trustee is to receive the income from the trust estate and pay Roselle M. Bennett, widow, 67½% and Lois Jeanne Bennett, daughter, 22½%. In the event of the death of either, the survivor is to receive the full 90%. Under Article 9 of the will, the remainder after the death of Roselle M. Bennett and Lois Jeanne Bennett is to pass free from trust to W. Gansel Bennett, Paul L. Bennett and Aubrey (Tobe) Bennett.

The widow, Roselle M. Bennett, on December 23, 1966, renounced the will and elected to take her statutory share of the estate. As a result of this action, Lois Jeanne Bennett became the sole remaining life tenant entitled to 90% of the income of the trust estate for life.

Lois Jeanne Bennett, on September 12, 1967, deeded all her right, title and interest in the St. Francois County real estate to the remaindermen, W. Gansel, Paul L., and Aubrey (Tobe) Bennett. She also assigned all her right, title and interest as life tenant under the will of Foster L. Bennett equally to the three remaindermen.

"[T]he Trust provided for under the Last Will and Testament of Foster L. Bennett, deceased, makes no provision for encroachment, nor does the Trustee have any discretionary powers as to payment of income, nor does said Trust provide for any spendthrift provisions; that the sole duty of the Trustee is to collect the income and pay 90% of the same over to the life tenant, Lois Jeanne Bennett, plaintiff herein."

The petition sought a decree that the trust under the will had, by reason of the foregoing facts, terminated and that the remaindermen were entitled to distribution of the residue of the estate of a ⅓ interest to each, free of trust. It also sought to quiet title in the remaindermen to an undivided ⅔ interest in the St. Francois County property.

The trial court found that termination of the trust would be contrary to the intent of Foster L. Bennett and declined the relief sought. This appeal followed.

Respondents do not question two preliminary propositions advanced by appellants: First, that the renunciation by the widow resulted in an acceleration of the trust and Lois Jeanne Bennett became the sole life tenant. Section 474.160, subd. 1

(3), RSMo 1959, V.A.M.S. Second, that the remainder interests of the three nephews are vested interests. Harlow v. Benning, 357 Mo. 266, 207 S.W.2d 471; Thompson v. Thompson, Mo.Sup., 175 S.W.2d 885. Conceding these propositions, the respondents assert that termination of the trust would thwart the intention of the testator, whose wishes must prevail without regard for the desires of the beneficiaries. The appellants, on the other hand, contend that, in the circumstances of this case, the only purpose of the trust was preservation of the corpus for the benefit of the remaindermen, and, therefore, when they acquired the outstanding life estate, the trust had no further purpose and should be terminated.

Both appellants and respondents agree that the law of this state on the issue here is embodied in four appellate court decisions. The first, and appellants' principal reliance, is Peugnet v. Berthold, 183 Mo. 61, 81 S.W. 874. In that case, a will left property in trust of the testator's son, with the income to be paid to the son "as said trustee may think proper." The son was also given the power to dispose of the remainder interest in the trust property. The court held that the remainder in fee went to the son as the sole heir at law of the testator and that the son was entitled to the property free from trust.

Appellants acknowledge that this is the only case in which the trust in question was terminated. They contend, however, that the three subsequent cases recognize the rule laid down by Peugnet, and that the cases represent exceptions to the Peugnet rule, not a repudiation of it. Respondents, on the other hand, contend that the Peugnet rule has been repudiated and that the three subsequent cases lay down the applicable rule which prevents termination of the trust in this case.

The first of the three cases is Evans v. Rankin, 329 Mo. 411, 44 S.W.2d 644. In that case, property was left in trust for the testatrix' daughter. The will gave the trustee "absolute right, power and authority to invest, manage and control said trust estate and with absolute discretion from time to time during the life of my daughter, Evah Evans, to pay all or any part of the income of said trust estate, and the investments thereof, or if he shall from time to time think fit, any part of the capital thereof, unto my said daughter; or at his absolute discretion to apply the same for the maintenance or personal support of my said daughter in such proportions and in such manner as my trustee in his absolute discretion shall from time to time think proper." The court construed the will as leaving the remainder in fee to the daughter, but it refused to terminate the trust. The court distinguished Peugnet on the grounds that the fee in that case was inherited by the beneficiary because of the failure of the will to dispose of it, whereas the Evans will both created the trust and disposed of the fee. The court considered the distinction to "have some bearing, at least, upon the question of the intent of the testator." 44 S.W.2d 648. In concluding that the trust should not be terminated, the court stated (44 S.W.2d 649):

" * * * In this case, the plaintiff has no right to the corpus during her lifetime, but it is within the absolute discretion of the trustee whether any of it is ever used for her or paid to her. Furthermore, this power which the trustee has makes it possible that the remainder will be defeated by his use of the corpus for plaintiff's maintenance. The testatrix clearly manifested her intention to have the property controlled and the proceeds spent by some one other than plaintiff. She, no doubt, had a good reason for doing so, but, at any rate, it was her property and she had a right to do so."

In the next case involving this issue, Hamilton v. Robinson, 236 Mo.App. 289, 151 S.W.2d 504, the St. Louis Court of Appeals viewed Evans as overruling, to at least some extent, Peugnet, or at least limiting it to cases "where it is not shown that the testator intended that the beneficiary take the remainder in fee subject to

the trust estate." 151 S.W.2d 509. In Hamilton, the trust was for the support, in the trustee's discretion, of the testator's son until he reached the age of 21. Thereafter, all of the income was payable to the son until he became 28 years of age, at which time the principal of the trust was to be given to him. The son, having reached the age of 24, asserted a claim for the immediate transfer of the corpus. The court held that the evident intent of the testator that the property should be held in trust until the beneficiary became 28 years of age controlled and should be given effect.

Finally, the most recent case considering this issue was Thomson v. Union National Bank in Kansas City, 291 S.W.2d 178, decided by Division Two of this court. There, a testamentary trust provided for payment of the income to the widow during her lifetime and at her death to the testator's children, until they reached the age of 40 years, at which time each was to receive his equal share of the estate. The trust operated for some 35 years, paying the income to the widow. The income became inadequate to provide for her support and the three sons of the testator, all of whom were then more than 40 years of age, made assignments of their interests, with a view of creating a new trust which would have permitted encroachment, even to exhaustion, of the principal for the benefit of the widow. The court refused to terminate the trust under the will, stating that the destruction of the trust would "defeat the explicit purposes so plainly stated in Mr. Thomson's will and the circumstances do not justify that result." 291 S.W.2d 1. c. 183. The court also noted that Peugnet had been overruled in principle.

Appellants would distinguish Evans because the trustee there had absolute discretion as to payment of any part of the income and corpus to the life tenant. Hamilton is distinguished by reason of the express provision for continuation of the trust until the beneficiary reached the age of 28 years. Thomson would be distinguished on the grounds that it involved a trust for support of the widow during her life.

The Restatement of Trusts, Second, adopts the rule that, if all of the beneficiaries of a trust consent and none is under an incapacity, they can compel termination of a trust, unless its continuance is necessary to carry out a material purpose of the trust. 2 Rest. of Trusts, Second, § 337, p. 158. Comment f to this section is as follows (Id., pp. 159–160):

"f. *Successive beneficiaries—Purposes accomplished.* The mere fact that the settlor has created a trust for successive beneficiaries does not of itself indicate that it was a material purpose of the trust to deprive the beneficiaries of the management of the trust property for the period of the trust. If a trust is created for successive beneficiaries, in the absence of circumstances indicating a further purpose, the inference is that the only purpose of the trust is to give the beneficial interest in the trust property to one beneficiary for a designated period and to preserve the principal for the other beneficiary, and if each of the beneficiaries is under no incapacity, and both of them consent to the termination of the trust, they can compel the termination of the trust. Similarly, if the beneficiary who is entitled to the income acquires the interest of the remainderman, or the remainderman acquires the interest of the beneficiary entitled to the income, or the beneficiary entitled to the income disclaims with the result that the interest of the remainderman is accelerated, or if a third person acquires the interests of both, the beneficiary who thus becomes the sole beneficiary can compel the termination of the trust."

The Restatement recognizes that continuation is essential to carry out the material purpose of a trust when the enjoyment of interest of the sole beneficiary is postponed (Id., Comment j, p. 163), the situation in Hamilton, trusts for support of a beneficiary (Id., Comment m, p. 165), the situation in Evans, and discretionary trusts (Id., Comment n, p. 165).

The respondents argue that the primary purpose of the trust here must have been to care for the testator's wife and daughter, not to preserve the corpus for his nephews. However, the wife's renunciation of the will nullified the testator's intention in such respect. Likewise, the daughter's share was given without restraint upon her right to dispose of it. Therefore, she had the right to transfer her interest as she saw fit (1 Rest. of Trusts, 2d, § 132, p. 288) and thereby change the application prescribed by the testator. Since the testator did not see fit to employ any of the numerous devices which would have limited the daughter's power to transfer her interest (See 1 Rest. of Trusts, 2d, § 152, p. 311, § 154, p. 320, § 155, p. 323), we do not feel compelled to read into the language which he employed an intention that the trust should continue in the circumstances here. Absent other circumstances to show the intention of the testator, we are of the opinion that the mere creation of the trust for successive beneficiaries did not indicate a purpose other than preservation of the corpus for the remaindermen and, therefore, the trust may be terminated by the action here taken. See IV Scott on Trusts, 3rd ed., § 337.1, p. 2664.

Although it may not be possible to reconcile the language in all of our cases with the rules laid down by the Restatement, the actual results of such cases are consistent with such rules. As above noted, Evans and Hamilton clearly fit into situations recognized by the Restatement when continuation is necessary to effectuate an essential purpose of the trust. The Thomson case does not so clearly fit within such situations. However, the close restrictions upon investment which the testator there laid down evidenced a strong desire on the part of the testator to preserve the corpus of the estate during his widow's lifetime. Evidence of such intention is not to be found in this case. In our opinion, the rules laid down by the Restatement adequately protect the scheme of the testator in those cases where there is a genuine necessity for continuation of the trust, but the situation of continuing a trust for the benefit of the trustee is avoided.

The decree below is reversed and the cause remanded for entry of a new decree in accordance with the views herein expressed.

HOUSER, C., concurs.

HIGGINS, C., not sitting.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.