COLLINS, APPELLEE, *v.* FIRST NATL. BANK OF CINCINNATI, TRUSTEE, APPELLANT; ET AL., APPELLEES.

[Cite as Collins v. First Natl. Bank, 20 Ohio App. 2d 1.]

(No. 10720—Decided March 24, 1969.)

*Mr. John C. Scanlon,* for appellee Joseph D. Collins.

*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. William P. Schroeder,* for appellant.

HESS, J. This cause is an appeal on questions of law from the Court of Common Pleas, Probate Division, Hamilton County, hereinafter referred to as Probate Court, in a declaratory judgment action wherein the plaintiff, an appellee herein, was awarded a judgment or decree terminating a testamentary trust of which defendant-appellant is the trustee.

The Probate Court based its decision on an agreed statement of facts and the undisputed testimony of two witnesses.

On February 14, 1968, Joseph Daniel Collins filed a petition for declaratory judgment in the Probate Court wherein he prayed the "testamentary trust be terminated, and all assets thereof be immediately distributed to plaintiff; or in the alternative, that the trustee invest and reinvest the assets of this trust as plaintiff shall direct, in which latter event, all obligations of trustee as to future installment distributions shall be suspended, and full and final distribution of all assets shall be made to plaintiff upon his attaining age of thirty. Plaintiff further prays for such other relief as in law or equity as may be necessary or proper."

After all necessary parties had been joined as defendants, the trustee filed an answer and cross-petition wherein it denied "the right of the plaintiff to a termination of the trust" and joined in the prayer of plaintiff for "a declaration of the rights of all the parties hereto."

At the hearing by the Probate Court on the issues joined, the parties stipulated the following facts:

"1. The First National Bank of Cincinnati, duly qualified as the executor of the estate of Margaret Collins, deceased, under Estate No. 218807 of the Probate Court Records of Hamilton County, Ohio, has completed its duties as such, and now continues as the trustee nominated in the will of the decedent, Margaret Collins, having also fully qualified and been appointed as such trustee.

"2. Joseph Daniel Collins did in fact survive his mother, the decedent Margaret Collins, and at no time has ever married and at no time has had any children. He is

presently 23 years of age, having been born March 19, 1945.

"3. Said Joseph Daniel Collins has completed four years of college, or its equivalent.

"4. Defendant, The First National Bank of Cincinnati, as trustee, on March 19, 1966, deeded to Joseph Daniel Collins, upon his arrival at the age of 21 years, the Sherry Road property described in the will.

"5. The defendant, First National Bank of Cincinnati, as trustee, did pay over the sum of $25,000.00 to the plaintiff in June of 1967, upon his completion of four years of college or its equivalent.

"6. The defendant, The First National Bank of Cincinnati, as trustee, has completed the annual payments of $5,000.00 to Joseph Daniel Collins, as required in Item 5, subparagraph (2) of the will, and has further, upon Joseph Daniel Collins' completing four years of college education or its equivalent, increased the payments to him to $10,-000.00 per annum, which sum is now being paid to him in monthly installments of $833.33.

"7. The diamond rings referred to in Item 6 were distributed in kind to plaintiff in accordance with the directions of Item 4 of the will.

"8. Proper service either by the sheriff or by publication has been made upon all parties defendant, including, where applicable, their heirs, devisees, legatees and assigns, known or unknown."

In addition to the stipulation, plaintiff offered the undisputed testimony of two witnesses to establish that the plaintiff is a student priest; that he had received the money which the trust provided he should receive; that he had invested his private funds so successfully that his personal estate had enhanced three hundred per centum in thirteen months preceding the hearing; that he was twenty-three years old at the time of hearing; that he was a member of the Catholic Foreign Mission Society which was responsible for his education and support for the rest of his life; and that there was approximately $60,000 remaining in the trust.

4

Following its written opinion, the Probate Court entered a judgment terminating the trust and ordering the trust property in the hands of the trustee, less costs, fees and expenses, be paid over and distributed to the plaintiff.

The trustee presents two assignments of error:

"(1) The judgment and decree of the court is contrary to the laws of Ohio" and

"(2) The judgment of the court is contrary to and not supported by any evidence, in that (A) plaintiff failed to introduce any evidence to establish equitable grounds for the termination of the trust, and (B) plaintiff failed to introduce any evidence to establish that the purpose for the trust has been accomplished or is impossible of accomplishment."

We are primarily concerned with Items 5 and 6 of the will of Margaret Collins, which read as follows:

"Item 5: Everything that I own or that I have the right to dispose of at the time of my decease, I give, devise and bequeath to the 1st National Bank of Cincinnati, Ohio in trust, however for the following purposes:

"(1) My said trustee shall, as in its judgment and discretion deems proper, expend any or all of the principal and income for the care, maintenance, comfort, support, education, welfare and benefit of my son Joseph Daniel Collins and in so doing the trustee may pay out such income and principal in such sums and to such persons (including my son, although a minor) as the trustee in its sole discretion may deem necessary, advisable or convenient.

"(2) When my said son shall attain the age of 21 years my trustee shall give Sherry Road property to him and let him take care of himself, home and education by giving him $5000 per annum, in equal monthly installments until he attains the age of 23 years, or upon his completion of college give him $25,000 and also increase his payments to $10,000 per annum. At the age of 30 years give him another $25,000 and no monthly payments. At 35 years close the trust.

"(3) If my said son Joseph Daniel, be deceased at the

time of my death, and has children, my trustee shall use the income only for their use until all attain the age of 21 years, then close the trust and divide equally. (No provision is made for his spouse, as Joe is able to provide for her.)''

Item 6 of the will provides that:

''In case there are no children, the trust shall be paid over and distributed as follows, only if they are living or otherwise to revert to my residuary estate * * *.''

The testatrix named seventeen individuals (Item 6 [1] through [17] inclusive) who were to receive bequests totalling $30,000, then, in Item 6 (18) she provided that ''All the rest, resodie [sic] and remainder to be retained by my trustee the 1st National Bank for the following purposes: * * *,'' and then nine religious and charitable organizations are named.

Section 2101.24, Revised Code, provides that:

''Except as otherwise provided by law, the Probate Court has jurisdiction:

''* * *

''(O) To terminate a testamentary trust in any case in which a court of equity may do so.

''* * * *.''

Apparently the Probate Court arrived at the conclusion that the trust should be terminated through a two-step process. First, the court concludes that Margaret Collins failed to provide, in her will, what disposition should be made of the remaining trust property at the close of the trust and, thus, the remaining interest, which the Probate Court refers to as ''the fee,'' vested in her son at her death under the statutes of descent and distribution; second, that since this remainder interest, again referred to as ''the fee,'' vested in the son by statute, the son's limited beneficial interest merged into the greater estate, therefore requiring the trust to be terminated.

The Probate Court's use of the term ''fee'' does not appear to be appropriate. Since the testatrix devised the legal title in her property to the trustee and the beneficial interest to her son, ''fee'' cannot be construed to mean fee simple, for such is the entire estate without limitation. The

Probate Court was speaking about the estate remaining after the close of the trust. The "fee" as the Probate Court used the term must be construed to mean "remainder in fee."

In support of its contention, the Probate Court cites with reliability the case of *Peugnet* v. *Berthold* (1904), 183 Mo. 61, 81 S. W. 874, which case appears to have been modified by the same court in *Evans* v. *Rankin* (1931), 329 Mo. 411, 44 S. W. 2d 644.

In *Peugnet* v. *Berthold, supra,* the court held that the trust beneficiary became vested in the remainder in fee by virtue of the statutes of descent and distribution, and the lesser and greater estates merged, calling for the termination of the trust. The opposite result was reached by the same court in the case of *Evans* v. *Rankin, supra.* That case was factually similar to the *Peugnet case*, except in the *Evans case* the testator had devised the trust remainder to the heirs of certain parties who had predeceased her. The beneficiary became vested in the remainder, because she was the sole heir at law of the parties, as well as the lone trust beneficiary. In the *Evans case*, the court determined that there could be no merger because there was an intervening estate between the plaintiff's equitable estate and her ultimate remainder in fee, namely, the legal estate in the trustees. Without expressly overruling *Peugnet*, the court held that the absence of any intervening estate is essential to a merger, and it refused to terminate the trust.

The briefs of the parties cite many cases in foreign jurisdictions, but the law of Ohio in the cases of *Robbins* v. *Smith* (1905), 72 Ohio St. 1, and *Schmid* v. *Schmid* (1930), 35 Ohio App. 526, appears to determine the issues presented herein.

There does not appear to be any repugnancy in the will of the testatrix in the instant case, nor is it against public policy. The objects of the trust have not been fully accomplished.

In the instant case there are no changed circumstances since the will was executed, which could justify the termination of the trust. Certainly, the fact that the beneficiary

of the trust was able to triple his personal estate in approximately one year cannot be considered as a legal or equitable reason to terminate the trust.

When the court terminated the trust herein, it, in effect, ignored the will of the testatrix and rewrote her will. The law of Ohio does not favor such action. Changed circumstances and the needs of beneficiaries do not justify a court in modifying the will to meet the changed circumstances and conditions. *First Natl. Bk. of Cincinnati* v. *Gaines* (1967), 15 Ohio Misc. 109. The only reason for terminating the trust herein and paying the remaining trust funds to the beneficiary would be to assume he had more ability to enhance his trust estate than the trustee. This conclusion or assumption cannot be indulged. *Toledo Trust Co.* v. *Toledo Hospital* (1962), 174 Ohio St. 124; *Kiljan* v. *Hoover, Trustee* (1965), 9 Ohio Misc. 36; 53 Ohio Jurisprudence 2d 549 *et seq.*, Trusts, "Termination," Section 75 *et seq.*

For reasons presented, the judgment of the Probate Court in terminating the trust herein is reversed.

*Judgment reversed.*

SHANNON, P. J., and HILDEBRANT, J., concur.